832 A.2d 956 (2003)
363 N.J. Super. 334
BASCOM CORPORATION, Plaintiff-Respondent,
v.
CHASE MANHATTAN BANK, as Trustee of IMC Home Equity Loan Trust 1997-5 under the Pooling and Servicing Agreement dated as of September 1, 1997, Defendant-Appellant, and
Fannie Askew, Mr. Askew, husband of Fannie Askew, and Delta Funding Corporation, Defendants.
Chase Manhattan Bank, As Trustee, Plaintiff-Appellant,
v.
Fannie Askew, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 2003.
Decided October 14, 2003.
*957 Stern, Lavinthal, Frankenberg & Norgaard, Livingston, attorneys for appellant Chase Manhattan Bank (Robert A. Pinel, of counsel and on the brief).
Robert A. Del Vecchio, attorney for respondent Bascom Corporation (Susan B. Fagan-Limpert, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and COLEMAN.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
These appeals, which arise out of the same series of transactions and which we consolidate for purposes of this opinion, have their genesis in a mortgage foreclosure *958 proceeding brought by Chase Manhattan Bank (Chase) to foreclose the mortgage it had granted Fannie Askew on property owned by her in Paterson and in a tax foreclosure proceeding brought by Bascom Corporation to foreclose a tax sale certificate it held on the same property. The appeal under Docket No. A-2485-02T5 arises out of the tax foreclosure proceeding. Chase, a defendant in that action, appeals from an order of the Chancery Division denying its motion pursuant to R. 4:50-1 whereby it sought to have the tax foreclosure judgment set aside on the ground of voidness by reason of asserted violation of the bankruptcy automatic stay. The appeal under Docket No. A-3332-02T5 arises out of the mortgage foreclosure proceeding. Chase, the plaintiff in that action, appeals from an order of the Chancery Division entered on Askew's motion enjoining it from proceeding to sheriff's sale of the property because its interest therein had already been foreclosed. We affirm both orders appealed from.
The complaint in the tax foreclosure action was filed in May 2001 after Askew's failure to respond to Bascom's pre-action notice served and filed in compliance with N.J.S.A. 54:5-97. Chase was joined as the first mortgagee.[1] Both Chase and Askew were properly served. Neither answered, and the action proceeded entirely uncontested. Bascom obtained an order entered on September 4, 2001, duly served upon both Askew and Chase, fixing the amount, time and place of redemption. See N.J.S.A. 54:5-98. Neither responded or made any attempt to redeem. The final judgment foreclosing Askew and Chase from all right and equity of redemption and vesting title in fee simple in Bascom was entered on October 24, 2001. Thereafter the property was sold to Bascom at a sheriff's sale. It appears that at least as of the date of the entry of the orders under appeal Bascom had not yet resold the property.
We turn now to the mortgage foreclosure action. Chase commenced its foreclosure action in June 2000. Final judgment of foreclosure was entered in December 2000. Chase did not immediately proceed to sheriff's sale because of Askew's intervening petition in bankruptcy. In the meantime, Bascom, in February 2001, purchased from the City of Paterson the tax sale certificate which was the subject of its foreclosure action. It further appears that in preparation for its mortgage foreclosure sale, Chase had ordered a title search and that its searcher missed Bascom's purchase of the tax sale certificate. Accordingly Chase's title company issued an indemnification to Chase in May 2001 which made no reference to it. Chase made no attempt to enforce its foreclosure judgment against Askew until October 2002, a year after Bascom's final judgment of foreclosure. A sheriff's sale was held on October 22, 2002, at which Chase was the highest bidder.
The proceedings now under review followed. Askew filed a pro se motion in the mortgage foreclosure action seeking to set aside Chase's sheriff's sale on the ground that the property had already been sold. Chase then filed a motion in the tax foreclosure action seeking to set aside the tax foreclosure judgment under R. 4:50-1. The two motions were heard together by the Chancery Division, which granted Askew's and denied Chase's. We point out that if Chase's motion was properly denied, *959 then patently Askew's motion was properly granted since the tax foreclosure judgment foreclosed Chase's interest in the property and its effect, as the Chancery judge concluded, was to require vacation of the mortgage foreclosure judgment.
The issue thus before us is whether the Chancery Division properly denied relief to Chase pursuant to R. 4:50-1. The basis of Chase's assertion of a right to relief is its claim that the tax foreclosure judgment was void because the order setting the amount, time and place of redemption had been entered during the period of a bankruptcy court automatic stay. 11 U.S.C.A. § 362(a). It is, indeed, undisputed that Askew's response to the tax foreclosure proceeding was the filing for protection under Chapter 13 of the Bankruptcy Code on July 16, 2001, a month after she was served with the tax foreclosure complaint. Although she noticed Chase, she did not notice Bascom who remained unaware of the bankruptcy proceeding. In any event, the automatic stay was in effect from that filing date until Askew's petition was dismissed on October 6, 2001, two days after entry of the order fixing the terms of redemption. Askew had, in fact, filed two subsequent petitions in bankruptcy, one on November 19, 2001, which was dismissed on January 11, 2002, and the next on March 25, 2002, which was dismissed on October 31, 2002. As noted, however, the final judgment of tax foreclosure was entered on October 24, 2001, after dismissal of the first petition and prior to filing of the second. There was consequently no impediment in terms of the automatic stay to the entry of a valid final judgment of foreclosure.
Chase argues that because the order fixing the terms of redemption violated the automatic stay, the final judgment was void, entitling it to relief pursuant to R. 4:50-1(d), which authorizes the court to grant relief from a void judgment. In addressing Chase's argument, the court was of the view that it did not need to consider the effect of a violation, if any, of the bankruptcy automatic stay but rather that Chase should seek any remedy to which it might be entitled by reason thereof in the bankruptcy court.[2] Rather, the court viewed the matter before it as implicating questions of state law only and concluded that Chase was not entitled to relief under the court rule because of its failure to seek relief within a reasonable time. The court stated its reasons for so concluding as follows:
4:50-1 and 2 permits a motion to be filed for relief from a judgment but that motion has to be filed within a reasonable time. I find that this motion was not filed within a reasonable period of time. It was filed by a party that was properly served with the complaint, that defaulted, that did absolutely nothing to defend itself and did absolutely nothing to bring to Bascom's attention the pendency of any bankruptcy action and did not file this motion until more than a year had passed after Bascom received its final judgment in foreclosure.
There has been absolutely no showing in this matter of any excusable neglect by Chase. It has been admitted that Chase received the summons and complaint in Bascom's tax foreclosure action and no evidence has been placed before me at all to explain why Chase did not defend itself in the tax foreclosure action. I find, therefore, that the conclusion is simply unavoidable, that Chase simply sat on its rights during Bascom's *960 tax foreclosure action and withheld the bankruptcy issue during the entire course of that tax foreclosure case.
I also find that in that connection, that Bascom properly served Chase with the order setting amount, time and place of redemption and, therefore, they had knowledge of that application. And if they wanted to raise the defense of the bankruptcy stay at that time, they could have certainly raised that defense during the course of Bascom's tax foreclosure action.
Rather, as I said, rather than doing any of that, for whatever reason, Chase sat back and let Bascom obtain a judgment without alerting them to the bankruptcy action of which Bascom had no notice but which Chase was fully knowledgeable about. For those reasons, I conclude that Chase has unclean hands in this matter and has not shown grounds for relief under 4:50-1.
Neglect and failure to act sooner are inexcusable on this record. Further, it has failed to show any grounds why it meets the standards for moving to vacate the tax foreclosure judgment under the applicable statute which is N.J.S.A. 54:5-87.

[11/22/02 Transcript, pgs. 15-17] The record amply supports the judge's conclusions. We note that although a claim of voidness of the judgment under section (d) of 4:50-1 is not subject to the one-year limitation applicable to sections (a), (b), and (c) imposed by R. 4:50-2, that rule nevertheless requires all motions under R. 4:50-1 to be brought within a reasonable time. Since our decision in Garza v. Paone, 44 N.J.Super. 553, 556-560, 131 A.2d 32 (App.Div.1957), our courts have uniformly held that the reasonable-time requirement applies to judgments alleged to be void because of a failure of in personam jurisdiction. See, e.g., Citibank, N.A. v. Russo, 334 N.J.Super. 346, 352, 759 A.2d 865 (App.Div.2000); Wohlegmuth v. 560 Ocean Club, 302 N.J.Super. 306, 312, 695 A.2d 345 (App.Div.1997); Berger v. Paterson Veterans Taxi Serv., 244 N.J.Super. 200, 204, 581 A.2d 1344 (App. Div.1990); Last v. Audubon Park Assoc., 227 N.J.Super. 602, 606-607, 548 A.2d 236 (App.Div.1988), certif. denied, 114 N.J. 491, 555 A.2d 613 (1989). We point out, however, that lack of personal jurisdiction is a waivable defense. See, e.g., Hupp v. Accessory Distrib., Inc., 193 N.J.Super. 701, 711, 475 A.2d 679 (App.Div.1984). There is thus a conceptual symmetry in a rule which limits a challenge to a judgment on that ground to a reasonable time thereafter. That is to say, just as the defense to the action itself may be waived, so may the right to attack an ensuing judgment on that ground be deemed waived if not exercised within a reasonable time.
The difficulty here is that we are not dealing with a waivable defect, and hence the trial court should not, in our view, have declined to consider the consequence of the asserted defect. In our view, determination of the effect of the asserted violation was necessary to the ultimate decision. We decide that issue now on the basis of the undisputed record.
A state court judgment entered while the automatic stay is in place renders that judgment void ab initio, see, e.g., Cho Hung Bank v. Ki Sung Kim, et al., 361 N.J.Super. 331, 339, 825 A.2d 566 (App.Div.2003), subject, however, to retroactive annulment by the bankruptcy court under 11 U.S.C.A. § 362(d). See In re Siciliano, 13 F.3d 748 (3d Cir.1994). Unless cured by annulment, the defect in the judgment is not waivable because it goes to the authority of the court to render the final judgment and is consequently more nearly akin to a non-waivable lack of subject matter jurisdiction. See, e.g., Macysyn *961 v. Hensler, 329 N.J.Super. 476, 481, 748 A.2d 591 (App.Div.2000). Our courts have not yet spoken directly to a non-waivable defect in the context of time constraints on a motion for relief brought pursuant to R. 4:50-1(d). It is, however, evident that if the final tax foreclosure judgment here had been entered while the automatic stay was in effect, the judgment would have been void ab initio and the issue of reasonable-time prerequisite for the attack under R. 4:50-1(d) would have been far from clear.
The point here, however, is that the final judgment of tax foreclosure was entered after the Chapter 13 petition was dismissed, and there was then no stay in effect. Consequently, it is not the final judgment that was void. What was void was the order fixing the terms of redemption, the only action in the proceeding that occurred while the stay was in effect. Hence, as we view the issue, the question is not whether the final judgment is void ab initio but rather whether a void interlocutory order, as a matter of federal bankruptcy law, automatically vitiates the final judgment as well. We conclude that it does not.
We do not believe that federal law is offended when the final judgment itself is free of the impediment of the automatic stay. Tax foreclosure law, affecting as it does, the security of title to real estate involves "an essential state interest" and "the power to ensure that security `inheres in the very nature of [state] government.'" BFP v. Resolution Trust, 511 U.S. 531, 544, 114 S.Ct. 1757, 1764-1765, 128 L.Ed.2d 556, 558 (1994). In our view, therefore, since foreclosure law is a matter uniquely within the state's competence, the state is free to make its own determination as to the effect of the entry of a void interlocutory order irrespective of the reason it is void.
As a matter of state law, we recognize that the order fixing the terms of redemption is a necessary step in the processing of a tax foreclosure action. But we think it plain that the function of the order was entirely fulfilled. Both the property owner and the mortgagee were appropriately, accurately, and fully apprised of the amount, time and place for redemption. Both chose to ignore the information. Neither has ever asserted that the reason for so choosing was a belief in or reliance on the voidness of the order. Chase's decision to ignore the order fixing the terms of redemption was, rather, in keeping with its overarching decision to ignore the entire tax foreclosure proceeding for whatever reason it may have had. In sum, we are persuaded that in the circumstances here the validity of the final judgment was in no way impaired by the voidness, under federal bankruptcy law, of the interlocutory order. Accordingly plaintiff's attack under R. 4:50-1(d) fails. Beyond that and for the reasons expressed by the trial judge, we are satisfied that plaintiff is not entitled to relief under any other section of R. 4:50-1.
The order appealed from in each of the two appeals is affirmed.
NOTES
[1] Chase was joined as Trustee of IMC Home Equity Loan Trust 1997-5 under the Pooling and Servicing Agreement dated September 1, 1997. IMC Home Equity was the assignee of the original Askew mortgage and assigned by it to Chase under the Pooling Agreement. For convenience Chase is referred to as the mortgagee.
[2] We note that it is not only Chase which might have a remedy in the bankruptcy court. Bascom as well was free to seek from the bankruptcy court an annulment of the automatic stay if such is deemed necessary. See 11 U.S.C.A. § 362(d).