**In re Fannie ASKEW, Debtor.**

**No. 01–38147 DHS.**

United States Bankruptcy Court,
D. New Jersey.

July 15, 2004.

Gary K. Norgaard, Stern, Lavinthal, Frankenberg & Norgaard, LLC, Englewood, NJ, for Chase Manhattan Bank.

Susan B. Fagan–Limpert, Lincoln Park, NJ, for Bascom Corporation.

### OPINION

DONALD H. STECKROTH, Bankruptcy Judge.

Before the Court is a motion filed by Chase Manhattan Bank (hereinafter "Chase") seeking an order "reopening and reinstating case number 01–38147(DHS), voiding tax foreclosure judgment, and reinstating [Chase's] sheriff's sale." Bascom

Corporation (hereinafter "Bascom") filed opposition to Chase's motion. For the reasons that follow, Chase's motion seeking various forms of relief is hereby denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. *See* 28 U.S.C. § 1334 (West 2004). This matter is a core proceeding pursuant to 28 U.S.C. § 157. *See generally* 28 U.S.C. § 157(b)(West 2004). Venue is proper pursuant to 28 U.S.C. § 1409(a)(West 2004). The following constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052. *See* FED. R. BANKR.P. 7052 (West 2004).

### I. Factual and Procedural Background

The matter before the Court arises out of a series of transactions that have their genesis in a mortgage foreclosure proceeding brought by Chase to foreclose the mortgage it had granted to the Debtor, Fannie Askew, on property owned by her in Paterson, New Jersey, and in a tax foreclosure proceeding brought by Bascom to foreclose a tax sale certificate it held on the same property. The subject matter of this motion has a history of litigation in the New Jersey state courts, most notably resulting in a reported decision issued by the New Jersey Appellate Division, *Bascom Corp. v. Chase Manhattan Bank,* 363 N.J.Super. 334, 832 A.2d 956 (App.Div. 2003), *certif. denied,* 178 N.J. 453, 841 A.2d 91 (2004).[1]

---

**1.** By letter dated May 18, 2004, counsel for Chase informed the Court that it had filed a petition for writ of certiorari to the United States Supreme Court, seeking review of the decision rendered by the New Jersey Appellate Division, which the New Jersey Supreme Court decided not to entertain on appeal. The United States Supreme Court denied certiorari on June 28, 2004. *Chase Manhattan Bank v. Bascom Corp.,* —— U.S. ——, 124 S.Ct. 2911, —— L.Ed.2d —— (2004).

Many, if not all, of the relevant, material facts are not in dispute. Chase was the holder of a first mortgage on the Debtor's real property located at 129 North Fifth Street, Paterson, New Jersey. (*See Certification in Support of Chase's Motion to Reopen and Reinstate Case Number 01–38147(DHS), Void Tax Foreclosure Judgment and Reinstate Secured Creditor's Sheriff's Sale,* ¶ 3)(hereinafter "*Chase Cert.*"). Due to the Debtor's failure to make regular monthly mortgage payments, Chase commenced a foreclosure action in the Superior Court of New Jersey on June 22, 2000. (*Chase Cert.,* ¶ 4); *see also* 363 N.J.Super. at 338, 832 A.2d 956.[2] Final judgment of foreclosure was entered in favor of Chase on December 18, 2000. (*Chase Cert.,* ¶ 4). Chase did not immediately proceed to sheriff's sale despite the judgment of foreclosure.

In the meantime, however, Bascom purchased a tax sale certificate on the Debtor's property by assignment from the City of Paterson. The City of Paterson originally purchased the tax sale certificate on December 10, 1996. (*See Certification of Susan B. Fagan–Limpert, Esq. in Opposition to Chase's Motion,* ¶ 3)(hereinafter "*Bascom Cert.*"). The amount due on the tax sale certificate, subsequent taxes, statutory interest and attorneys' fees totaled approximately $19,417.00. (*Bascom Cert.,* ¶ 3). On February 1, 2001, Bascom forwarded a notice of intention to foreclose upon the property, "urging [the Debtor] to redeem the property before [it] initiated its tax foreclosure [action]." (*Bascom Cert.,* ¶ 3). The Debtor received Bascom's notice of intention to foreclose on February 6, 2001. (*Bascom Cert.,* ¶ 3).

When the Debtor failed to redeem the tax sale certificate, Bascom instituted a tax sale foreclosure action against the property on May 3, 2001 by filing "a complaint to foreclose tax sale certificate" with the state foreclosure unit in Trenton, New Jersey. (*Bascom Cert.,* ¶ 4). Significantly, Bascom joined Chase in the tax foreclosure action and served Chase with a copy of the summons and complaint on May 16, 2001. (*Bascom Cert.,* ¶ 5).[3] The New Jersey Appellate Division concluded that both the Debtor and Chase were properly served with copies of the tax sale foreclosure summons and complaint. 363 N.J.Super. at 337, 832 A.2d 956. Both Chase and the Debtor failed to file answers to the tax sale foreclosure complaint, and the action proceeded entirely uncontested. (*Bascom Cert.,* ¶ 6); 363 N.J.Super. at 337, 832 A.2d 956.

On July 16, 2001, the Debtor filed her first Chapter 13 bankruptcy petition with this Court.[4] A sheriff's sale with respect to Chase's mortgage foreclosure action was scheduled for July 17, 2001. (*Chase Cert.,* ¶ 8). The sheriff's sale was canceled due to the Debtor's filing for bankruptcy protection. Bascom was not scheduled as a creditor on the Chapter 13 petition and, significantly, neither the Debtor nor Chase ever notified Bascom that the Debtor had filed for bankruptcy protection. (*Bascom Cert.,* ¶ 7). Without knowledge of the Debtor's bankruptcy filing, Bascom continued to prosecute its tax foreclosure action in New Jersey state court. On September 4, 2001, Bascom obtained an order, properly served upon both Chase and the Debtor, fixing the amount, time, and place of re-

---

2. Many relevant factual findings have already been made by the New Jersey Superior Court, and relied upon by the New Jersey Appellate Division in rendering its reported decision.

3. Chase contends that it was not served with a copy of the summons and complaint until July 13, 2001.

4. The Docket Number of this case is 01–38147(DHS).

demption in accordance with N.J.S.A. 54:5–98. 363 N.J.Super. at 337, 832 A.2d 956. Consequently, "both the Debtor and [Chase] were well aware of the tax foreclosure action, the deadline for redemption and were aware of the consequences of non-redemption...." (*Bascom Cert.,* ¶ 6); 363 N.J.Super. at 337, 832 A.2d 956.

Despite having notice of Bascom's tax sale foreclosure action and the deadline for redemption of the tax sale certificate, neither the Debtor nor Chase sought relief from this Court or protected their rights by filing an answer to the tax sale foreclosure complaint or attempting to redeem the property prior to the expiration of the redemption deadline. (*Bascom Cert.,* ¶ 7); 363 N.J.Super. at 337, 832 A.2d 956. On September 6, 2001, this Court entered an order dismissing the Debtor's first bankruptcy case. (*Chase Cert.,* ¶ 19). Thereafter, the state court entered a final judgment on October 24, 2001 "foreclosing [the Debtor] and Chase from all right and equity of redemption and vesting title in fee simple in [favor of] Bascom." 363 N.J.Super. at 337–38, 832 A.2d 956. The property was eventually sold at sheriff's sale to Bascom. 363 N.J.Super. at 338, 832 A.2d 956.

On November 19, 2001, the Debtor filed her second bankruptcy case with this Court.[5] The second bankruptcy case was dismissed by the Court on January 11, 2002 based on the Debtor's failure to file the necessary schedules. (*Chase Cert.,* ¶ 21). In addition to failing to file an answer to the tax foreclosure complaint and failing to notify Bascom of the Debtor's bankruptcy filings, Chase also failed to move before this Court asserting violations of the automatic stay by Bascom for prosecuting its tax sale foreclosure action. (*Bascom Cert.,* ¶ 7).

On March 25, 2002, the Debtor filed her third Chapter 13 bankruptcy case.[6] On July 25, 2002, Chase filed a motion with this Court seeking relief from the automatic stay so as to continue its mortgage foreclosure action in state court. (*Chase Cert.,* ¶ 23). The Court granted Chase's motion for relief from the automatic stay on September 3, 2002. (*Chase Cert.,* ¶ 23). After Chase was granted relief from the automatic stay, it continued with its foreclosure action and held its sheriff's sale on October 22, 2002. (*Chase Cert.,* ¶ 23). Chase was the highest bidder at the sheriff's sale. 363 N.J.Super. at 338, 832 A.2d 956. As the New Jersey Appellate Division concluded, "Chase made no attempt to enforce its foreclosure judgment against [the Debtor] until October, 2002, a year after Bascom's final judgment of foreclosure." 363 N.J.Super. at 338, 832 A.2d 956. In the meantime, the Debtor's third bankruptcy case was dismissed by this Court on October 28, 2002 based upon the Debtor's failure to make timely payments to the trustee and failure to appear at a scheduled meeting of creditors.

Subsequent to the dismissal of her third bankruptcy case, the Debtor filed a motion in New Jersey state court "seeking to set aside Chase's sheriff's sale on the ground that the property had already been sold." 363 N.J.Super. at 338, 832 A.2d 956. In turn, Chase filed a motion in the tax sale foreclosure action seeking to set aside the tax foreclosure judgment under [New Jersey state court Rule] 4:50–1. 363 N.J.Super. at 338, 832 A.2d 956.[7] In support of

---

**5.** The Docket Number of this case is 01–42674(DHS).

**6.** The Docket Number of this case is 02–33241(DHS).

**7.** New Jersey Court Rule 4:50–1 provides as follows: "On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following

its state court motion, Chase argued that "because the order fixing the terms of redemption violated the automatic stay, the final judgment was void, entitling it [Chase] to relief pursuant to Rule 4:50–1(d), which authorizes the [state] court to grant relief from a void judgment." 363 N.J.Super. at 339, 832 A.2d 956.

The state trial court concluded that "Chase was not entitled to relief under the court rule because of its failure to seek relief within a reasonable time." 363 N.J.Super. at 339–40, 832 A.2d 956. This decision was affirmed by the New Jersey Appellate Division. In its decision, the Appellate Division relied upon the following findings of the state court judge, which are particularly relevant to this Court's decision:

> [Rule] 4:50–1 and 2 permits a motion to be filed for relief from a judgment but that motion has to be filed within a reasonable time. I find that this motion was not filed within a reasonable period of time. *It was filed by a party that was properly served with the complaint, that defaulted, that did absolutely nothing to defend itself and did absolutely nothing to bring to Bascom's attention the pendency of any bankruptcy action and did not file this motion until more than a year had passed after Bascom received its final judgment in foreclosure.*
>
> There has been absolutely no showing in this matter of any excusable neglect by Chase. *It has been admitted that Chase received the summons and complaint in Bascom's tax foreclosure action and no evidence has been placed before me at all to explain why Chase did not defend itself in the tax foreclosure action. I find, therefore, that the conclusion is simply unavoidable, that Chase simply sat on its rights during Bascom's tax foreclosure action and withheld the bankruptcy issue during the entire course of that tax foreclosure case.*
>
> I also find that in that connection, that Bascom properly served Chase with the order setting amount, time and place of redemption and, therefore, they had knowledge of that application. And if they wanted to raise the defense of the bankruptcy stay at that time, they could have certainly raised that defense during the course of Bascom's tax foreclosure action.
>
> Rather, as I said, rather than doing any of that, for whatever reason, Chase sat back and let Bascom obtain a judgment without alerting them to the bankruptcy action of which Bascom had no notice but which Chase was fully knowledgeable about. *For those reasons, I conclude that Chase has unclean hands in this matter and has not shown grounds for relief under [Rule] 4:50–1.*
>
> [363 N.J.Super. at 340, 832 A.2d 956 (emphasis added).]

In the motion before this Court, Chase seeks an order reopening the Debtor's bankruptcy case, voiding Bascom's tax foreclosure judgment, and reinstating its own sheriff's sale. (*Chase Cert.,* ¶ 2). Simply put, Chase contends that Bascom's

reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order."

conduct of prosecuting its tax sale foreclosure action during the pendency of the Debtor's bankruptcy cases renders those actions void *ab initio* in violation of the automatic stay. (*See Chase Cert.,* ¶¶ 9–18). In contrast, Bascom submits as follows:

> Simply put, [Chase] and its former counsel failed to answer Bascom's tax foreclosure complaint, failed to redeem the certificates prior to the deadline set forth in the [order setting amount, time, and place for redemption], failed to seek any redress for over a year; and, the motion before the state court and the motion, *sub judice,* are nothing more than thinly-veiled attempts to ameliorate their own negligence at the expense of Bascom. All of the Defendants were give notice and an opportunity to be heard in the tax foreclosure action and due process was afforded all of the litigants in this matter. It is not the fault of Bascom that Chase and its counsel slept on their rights by failing to timely answer, redeem or make application relating to the automatic stay.
>
> [(*Bascom Cert.,* ¶ 13).]

Against this background, the Court will address its legal conclusions.

## II. Discussion

Section 362(a) of the Bankruptcy Code provides in relevant part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and]
>
> (4) any act to create, perfect, or enforce any lien against property of the estate.
>
> [11 U.S.C. § 362(a)(1)-(4)(West 2004).]

■ As recognized by the Third Circuit Court of Appeals, the scope of the automatic stay is broad. *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1203 (3d Cir.1991)(citing *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir.1982)). Section 362(a) defines the scope of the automatic stay by listing acts that are stayed by the commencement of a bankruptcy case. *Maritime,* 959 F.2d at 1203. "All judicial actions against a debtor seeking recovery on a claim that were or could have been brought before commencement of a bankruptcy case, are automatically stayed." *Id.* Section 362(b) of the Code enumerates specific exceptions to the automatic stay. *See* 11 U.S.C. § 362(b)(West 2004). None of these exceptions apply to this case.

■ The stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed. *Id.* at 1204 (citations omitted). Because the automatic stay serves the interests of both debtors and creditors, "it may not be waived and its scope may not be limited by a debtor."

*Id.* (citation omitted). Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. *Id.* at 1206. "This is so because § 362's stay is mandatory and 'applicable to all entities,' including state and federal courts." *Id.* 11 U.S.C. § 362(a)(West 2004). The automatic stay of an action pending against the debtor "continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay." *Id. See, e.g., Lugo v. de Jesus Saez (In re de Jesus Saez),* 721 F.2d 848, 851–52 (1st Cir.1983)(holding that the automatic stay terminates when a Chapter 13 petition is dismissed).

■ Ordinarily, absent relief from the automatic stay, judicial actions and proceedings against the debtor during the pendency of the bankruptcy case are void *ab initio. Maritime,* 959 F.2d at 1206 (citing *Kalb v. Feuerstein,* 308 U.S. 433, 438–40, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940)). *See also In re Ward,* 837 F.2d 124, 126 (3d Cir.1988)(holding that a sheriff's sale conducted in violation of the automatic stay was void and without effect). By treating judicial acts and proceedings in violation of the automatic stay as void acts deters non-bankruptcy courts from continuing proceedings against a debtor who has sought federal bankruptcy protection. *Maritime,* 959 F.2d at 1207.

Since the *Maritime* decision, however, the Third Circuit Court of Appeals has revisited the issue of whether judicial proceedings conducted in violation of the automatic stay are void *ab initio* or simply voidable. *Excelsior Ins. Co. v. Pennsbury Pain Ctr.,* 975 F.Supp. 342, 352 (D.N.J. 1996). In *In re Siciliano,* 13 F.3d 748, 750 (3d Cir.1994), the Third Circuit Court of Appeals, while recognizing the "general"

automatic stay principles articulated in *Maritime,* namely, that any creditor action taken in violation of the automatic stay is void *ab initio,* noted that there may be situations which warrant exception to these principles. *See also Excelsior,* 975 F.Supp. at 352. To this end, the Third Circuit held that § 362(d) of the Code affords courts an opportunity to cure acts that are otherwise void under the automatic stay. *In re Siciliano,* 13 F.3d at 751; *Excelsior,* 975 F.Supp. at 352.

■ Specifically, the Third Circuit concluded that "the inclusion of the word 'annulling' in the statute, indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio.*" 13 F.3d at 751. In reaching this conclusion, the Third Circuit Court of Appeals approvingly acknowledged the holding of the United States Court of Appeals for the Fifth Circuit that " 'the power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay.' " *Id.* (citing *Sikes v. Global Marine, Inc.,* 881 F.2d 176, 178 (5th Cir.1989)). The Third Circuit further noted that "if such relief did not apply retroactively, then 'its inclusion next to [the term] terminating would be superfluous.' " *Id.* (citing *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984)). Based upon the holding of *In re Siciliano,* the District Court of New Jersey has held that a court "has the option of validating" proceedings pursuant to § 362(d) of the Code in the interests of "equity and judicial economy." *Excelsior,* 975 F.Supp. at 352.

Hence, although the state court's issuance of the order setting the time, place, and amount of redemption occurred two days prior to the dismissal of the Debtor's first bankruptcy case, and thus in violation of the automatic stay, under *In re Siciliano* this Court has the option of validating

Bascom's tax sale foreclosure proceedings in the interest of equity and judicial economy, provided § 362(d) is satisfied. *See Excelsior*, 975 F.Supp. at 352. Section 362(d) of the Bankruptcy Code provides in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under section (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

[11 U.S.C. § 362(d)(West 2004).]

■ This Court concludes that § 362(d) of the Code is satisfied with respect to the issue of whether annulling the automatic stay in favor of Bascom is possible. Under § 362(d)(2)(A), the Debtor does not have any equity in the property. When Chase filed its motion for stay relief on July 25, 2002, its representative certified that the fair market value of the Debtor's property approximated $116,000.[8] The amount the Debtor owed to Chase at that time was $134,037.91. Further, the Debtor also owed Bascom the sum of approximately $19,417.00 if she intended to redeem the property. Consequently, a negative equity in excess of $37,000.00 existed in the property, without considering accruing interest charges and other penalties with respect to each lien. Further, based upon the Debtor's failure to answer

the tax certificate foreclosure complaint, attempt to redeem the property from Bascom, oppose Chase's motion for stay relief, and file the necessary bankruptcy schedules, it is reasonable for this Court to conclude that the property was not necessary to any "effective reorganization" of this Debtor, thereby satisfying § 362(d)(2)(B).

■ Having concluded the criteria of § 362(d) would have been satisfied by Bascom during the Debtor's first bankruptcy proceeding, the next inquiry is whether this Court should annul the automatic stay and validate any actions taken by Bascom or the New Jersey state court that otherwise technically violated the automatic stay. The facts of this particular case strongly militate in favor of annulling the automatic stay and finding that any acts taken by either Bascom or the New Jersey state court in violation of the automatic stay are *voidable*, and can be validated by this Court. Notions of judicial economy and equity dictate such a result under the circumstances in this case.

This Court agrees with the conclusions reached by the New Jersey state courts which have addressed the facts in this case. Chase had notice of Bascom's tax sale foreclosure action, and in fact was a named defendant in that action. Rather than simply notifying Bascom of the Debtor's first, second, and third bankruptcy petitions, Chase utterly failed to do anything to protect its interests. For whatever reason, Chase intentionally sat back in wait and let Bascom obtain a judgment without alerting Bascom to the bankruptcy action of which it had no notice, but which Chase was fully knowledgeable about. Why Chase chose not to alert Bascom to the Debtor's multiple bankruptcy proceed-

8. The certification in support of Chase's July 25, 2002 motion for relief from the automatic stay is filed as Docket Entry Number 14 in case number 02–33241(DHS).

ings is inexplicable. Further, Chase also failed to make timely application before this Court notifying it of Bascom's alleged stay violations. This Court therefore concludes that Chase acted knowingly for its own purpose and with unclean hands and, without Bascom ever receiving notice of the Debtor's multiple bankruptcy cases, it would be inequitable to unwind the final judgment entered in favor of Bascom almost three years ago. Consequently, Chase's motion seeking to reopen the Debtor's bankruptcy case, void Bascom's tax foreclosure judgment, and reinstate its own sheriff's sale is hereby denied.

■ As raised by counsel for Bascom, alternative justification exists for denying the relief Chase seeks from this Court: Bascom submits that Chase lacks statutory standing to challenge the alleged automatic stay violations committed by Bascom. In contrast, Chase contends that it has statutory standing to challenge the alleged stay violations pursuant to § 362(h) of the Bankruptcy Code.[9]

■ Section 362(h) of the Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C. § 362(h)(West 2004). To recover damages pursuant to § 362(h), the individual must show that the stay violation was "willful." *See* 11 U.S.C. § 362(h)(West 2004); *In re Int'l Forex of Ca., Inc.,* 247 B.R. 284, 290 (Bankr.S.D.Ca.2000). It is a "willful" violation of the automatic stay when a creditor violates the stay with knowledge that a bankruptcy petition has been filed. *Lansdale Family Rests., Inc. v. Weis Food*

*Serv. (In re Lansdale Family Rests., Inc.),* 977 F.2d 826, 829 (3d Cir.1992)(citing *In re Univ. Med. Ctr.,* 973 F.2d 1065, 1087–88 (3d Cir.1992)). "Willfulness does not require that the creditor intended to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Rests., Inc.,* 977 F.2d at 829; *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.,* 337 F.3d 314, 320 n. 8 (3d Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2172, 158 L.Ed.2d 732 (2004).

While the issues of whether a corporation, such as Chase, comports with the term "individual" as utilized in § 362(h), and whether § 362(h) confers standing upon *a creditor* to challenge the actions of another creditor are not free from doubt, the relief Chase seeks must be denied according to the language of § 362(h) itself and the standard it establishes. That is, even assuming, *arguendo,* that a corporation who is a creditor of the debtor can bring an action against another creditor's stay violations, there is no evidence before this Court to suggest that Bascom's actions in prosecuting its tax foreclosure action were in any way "willful." In order for a creditor's actions to be considered "willful" under § 362(h), the offending creditor must have knowledge of the debtor's bankruptcy case. *See In re Lansdale Family Rests., Inc.,* 977 F.2d at 829; *Krystal Cadillac,* 337 F.3d at 320 n. 8; *In re Int'l Forex of Ca., Inc.,* 247 B.R. at 288–89; *Johnston Envtl. Corp. v. Knight (In re Goodman),* 991 F.2d 613, 618 (9th Cir. 1993); *In re Halas,* 249 B.R. 182, 191 (Bankr.N.D.Ill.2000); *Walker v. Midland Mortgage Co. (In re Medlin),* 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996). Because it is

9. In addition to statutory standing under § 362(h) of the Code, Chase also submits that it satisfies the notion of constitutional standing for the relief it seeks. For purposes of this decision, the Court will assume that Chase satisfies the prerequisites of constitutional standing.

undisputed that Bascom did not have knowledge of the Debtor's three bankruptcy filings, it could not have acted "willfully" under § 362(h), and thus Chase cannot satisfy the requisite standard for obtaining the relief it seeks.

### III. Conclusion

Because there is no valid basis for voiding Bascom's tax certificate foreclosure judgment, there is no reason to reopen the Debtor's bankruptcy case and reinstate Chase's sheriff's sale. Thus, for the reasons expressed above, Chase's motion seeking an order from this Court "reopening and reinstating case number 01–38147(DHS), voiding tax foreclosure judgment, and reinstating [Chase's] sheriff's sale" is hereby denied.

An accompanying Order has been entered by the Court in accordance with this Opinion.