**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5524-17T2

EUGENE GAETA and
MEGAN GAETA,

      Plaintiffs-Respondents,

v.

RUDI HENDEL, CATHERINE
LIN-HENDEL, LIN-HENDEL,
C.G. HENDEL, and RUDI TRUST,

      Defendants-Appellants.

_____

Submitted November 14, 2019 – Decided January 14, 2020

Before Judges Alvarez, Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3484-13.

Kasuri Byck LLC, attorneys for appellants (Harrison Ross Byck, on the brief).

Bourne Noll & Kenyon, and White and Williams LLP, attorneys for respondents (Michael D. Mezzacca, Michael Oliver Kassak, Edward Michael Koch, and Jared K. Levy, on the briefs).

PER CURIAM

This appeal challenges an award of counsel fees to plaintiffs Eugene Gaeta and Megan Gaeta, pursuant to the frivolous litigation statute, N.J.S.A. 2A:15-59.1(a)(1), payable by defendants Rudi Hendel, Catherine Lin-Hendel, and the Rudi Hendel Revocable Trust. The obligation was imposed before Rudi Hendel and Catherine Lin-Hendel filed a Chapter 11 bankruptcy petition. After the action was filed, the Law Division judge calculated the actual fee amount and entered an order accordingly. The order setting the amount was voided by the bankruptcy court because it violated the bankruptcy code's automatic stay provision, 11 U.S.C. § 362(a)(2). The bankruptcy petition was then dismissed on April 25, 2018. On July 2, 2018, having been informed of the dismissal, the judge sua sponte reinstated the counsel fee order. Defendants appeal, and we affirm, concluding that once the bankruptcy action was dismissed, precedent allows reinstatement of the obligation.

The procedural history in this matter is unclear. The July 2, 2018 order reinstating the $90,848.65 attorney's fee award was entered by the judge without a hearing upon being advised by letter from plaintiffs' counsel that the bankruptcy petition was dismissed. No attack is being made on the merits of the initial pre-bankruptcy decision granting fees to plaintiffs, made when the judge

2

dismissed defendants' eleven-count, 105-paragraph counterclaim alleging, among other things, trespass, tortious interference with prospective economic advantage, defamation, and intentional infliction of emotional distress. From what we can discern from the limited record on appeal, this is a dispute between neighbors, stemming from the invasion of bamboo into plaintiffs' yard, defendants' partial removal of plaintiffs' fence, and similar conflicts. Final judgment appears to have been entered.

Defendants raise an issue before us never argued to the trial judge.[1] They contend that the July 2, 2018 order was void ab initio, and thus, pursuant to Rule 4:50-1(d), is unenforceable:

> POINT I
> THE TRIAL COURT ERRED IN THE JULY 02, 2018 ORDER BY DIRECTLY REINSTATING THE NOVEMBER 02, 2016 ORDER WHICH IS RENDERED VOID AB INITIO AS IT WAS ENTERED IN VIOLATION OF THE AUTOMATIC

---

[1] The judge reinstated the appealed-from order without a hearing, and defendants are entitled to appeal because it is final. Ordinarily, we do not address arguments not made to the trial court. In this case, defendants had no opportunity to object to the reinstatement of the order before issuance. See State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'"). Additionally, the issue raises a question of law, which we always review de novo. Smith v. Millville Rescue Squad, 225 N.J. 373, 387 (2016). Thus, it is procedurally proper for us to proceed.

STAY PURSUANT TO SECTION 362 OF THE U.S. BANKRUPTCY CODE, THEREFORE THE JULY 02, 2018 ORDER MUST BE VACATED UNDER RULE 4:50-1(D) AS [ITS] SOLE PURPOSE IS TO REINSTATE THE VOID AB INITIO NOVEMBER 02, 2016 ORDER.

Judge Pressler addressed a factually similar scenario in <u>Bascom Corporation v. Chase Manhattan Bank</u>, 363 N.J. Super. 334 (App. Div. 2003). Bascom sought to foreclose a tax sale certificate on property upon which Chase Manhattan Bank held a mortgage. <u>Id.</u> at 337. The property owner, Fannie Askew, was the borrower. <u>Ibid.</u> A tax foreclosure judgment was issued to Bascom while Askew's bankruptcy proceeding was pending. <u>Ibid.</u>

Neither Chase nor Askew responded to Bascom's preaction notice, or to the tax foreclosure complaint. <u>Ibid.</u> Bascom obtained an order "fixing the amount, time and place of redemption." <u>Ibid.</u> Neither Chase nor Askew attempted to redeem. <u>Ibid.</u> The tax foreclosure judgment was entered October 24, 2001, and Bascom acquired the property at a sheriff's sale. <u>Id.</u> at 337-38.

Chase, while foreclosing on the property, "missed Bascom's purchase of the tax sale certificate." <u>Id.</u> at 338. Chase did not attempt to enforce the judgment in the mortgage foreclosure until a year after entry of Bascom's final tax foreclosure judgment. <u>Ibid.</u> On October 22, 2002, a sheriff's sale on the mortgage foreclosure was conducted at which Chase was the highest bidder.

A-5524-17T2

Ibid. Adding to the confusion, Askew "filed a pro se motion in the mortgage foreclosure action seeking to set aside Chase's" judgment, on the theory that the property had already been sold. Ibid. In response, Chase filed a motion seeking to set aside the tax foreclosure judgment under Rule 4:50-1(d). Ibid. The judge granted Askew's motion and denied Chase's application. Ibid.

Chase contended that the tax foreclosure judgment was void because the redemption order was entered while the bankruptcy court's automatic stay was in effect. Id. at 338-39. Bascom was unaware of the bankruptcy proceeding. Id. at 339. The automatic stay was dissolved when the petition was dismissed "two days after entry of the order fixing the terms of redemption." Ibid.

Askew had actually filed three petitions in bankruptcy—the first dismissed October 6, 2001, the second dismissed January 11, 2002, and the third dismissed October 31, 2002. Ibid. The final judgment of tax foreclosure was entered on October 24, 2001, in the hiatus between dismissal of the first petition before the second was filed. Ibid. The trial judge decided Chase was not entitled to relief because the time that had elapsed before the application was not reasonable. Id. at 339-40.

On appeal, Chase reiterated that the final tax foreclosure judgment was void because of the automatic stay, and that the Chancery Division erred in

5

denying it relief pursuant to Rule 4:50-1. Id. at 338-39. Judge Pressler began her analysis from the premise that pursuant to state law, "[a] state court judgment entered while the [bankruptcy code's] automatic stay is in place renders that judgment void ab initio . . . ." Id. at 341 (citing Cho Hung Bank v. Ki Sung Kim, et al, 361 N.J. Super. 331, 339 (App. Div. 2003)). The defect in such judgments is not "waivable" because the lack of authority in the court to render judgment is similar to a "non-waivable lack of subject matter jurisdiction." Ibid.

But in Bascom, the final tax foreclosure judgment was entered after the Chapter 13 petition was dismissed and no stay was in effect. Id. at 342. It was not the final judgment that was void, only the earlier order fixing the terms of redemption while the stay was in effect. Ibid. The interim redemption order was void ab initio, which did not make the foreclosure judgment invalid. Ibid. Federal bankruptcy law was not violated "when the final judgment itself is free of the impediment of the automatic stay." Ibid. Thus, the final tax foreclosure judgment was in no way impaired by the nullification of the interlocutory order detailing the steps to redemption. Id. at 342-43.

The similarity to this case is self-evident. The order requiring defendants to pay fees was not entered while the bankruptcy petition was pending; it preceded the filing of the bankruptcy petition and the automatic stay. That order

is not even under attack—nor could it be, as the time for the filing of any appeal has long since passed.

The purpose of the automatic stay is to give debtors respite during bankruptcy proceedings. <u>Maritime Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1204 (3d Cir. 1991). That respite was achieved by the nullification of the order specifying the amount of fees. Once the bankruptcy proceedings were dismissed, however, defendants returned to the same legal footing as before the bankruptcy petition was filed. Defendants faced the pre-existing obligation, and the court was again obliged to fix the specific amount owed.

Furthermore, defendants have not proffered any law or convincing rationale that would bar reinstatement after dismissal of the petition. In fact, "an automatic stay must plainly terminate upon dismissal of the petition giving rise to it." <u>In re Lomagno</u>, 320 B.R. 473, 478 (B.A.P. 1st Cir. 2005) (citation omitted). 11 U.S.C. § 349(b)(3) provides that the dismissal of a case revests the property of the estate in the entity in which ownership reposed immediately before the filing. <u>Ibid.</u> Congress's intent in enacting the law was to return the parties to the same position, once a petition is dismissed, as they were before. <u>Ibid.</u> Even if a bankruptcy petition is refiled after dismissal, the stay generally does not apply retroactively to the earlier action. <u>Id.</u> at 481-82. No purpose

intended by Congress in enacting the bankruptcy laws would be served by the result defendants urge on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION