**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0371-18T3

LAKEVIEW LOAN
SERVICING, LLC,

     Plaintiff-Respondent,

v.

ROBERT DOERR,

     Defendant-Appellant,

and

RANDI DOERR, GIBBONS PC,
TD BANK NA, GREENBAUM
ROWE SMITH & DAVIS, STATE
OF NEW JERSEY, and NJ
AMBULATORY ANESTHESIA
ASSOCIATES,

     Defendants.

_____

Submitted November 18, 2019 - Decided January 31, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-011751-15.

Robert Doerr, appellant pro se.

KML Law Group, PC, attorneys for respondent (J. Eric Kishbaugh, on the brief).

PER CURIAM

In this mortgage foreclosure action, defendant, Robert Doerr, appeals from an August 8, 2018 order denying his motion to set aside the sheriff's sale and vacate final judgment. Doerr does not dispute that he defaulted on his mortgage by failing to make payments. Rather, the gist of his contention on appeal is that plaintiff, Lakeview Loan Servicing, LLC, failed to submit an affidavit of diligent inquiry as required pursuant to Rule 4:64-2(d). We reject Doerr's contentions and affirm substantially for the reasons set forth in Judge Margaret Goodzeit's detailed and well-reasoned written opinion.

I.

Defendant raises the following points for our consideration on appeal:

POINT I

PLAINTIFF FAILED TO FILE THE REQUIRED PROOFS PURSUANT TO THE NEW JERSEY SUPREME COURT ORDER DATED JUNE 9, 2011 (R. 4:64-2(D)[)].

2

POINT II

PLAINTIFF FAILED TO FILE THE REQUIRED
ATTACHMENT KNOWN AS THE AFFIDAVIT OF
DILIGENT INQUIRY FORM WITH ITS
APPLICATION/MOTION FOR FINAL JUDGMENT
IN VIOLATION OF (R. 4:64-2 AND R. 1:5-6(C)[)].

POINT III

STURDY BANK[1] DECISION MUST BE DEEMED
TO BE LAW OF THE CASE BECAUSE LAKEVIEW
LOAN SERVICING, LLC[,] FAILED TO PLEAD
THAT MONTHLY NOTE PAYMENTS WERE IN
DEFAULT AND DUE AND OWING TO WELLS
FARGO BANK, N.A. AS EVIDENCED BY THE
FAILING OF PLAINTIFF TO FILE PROPER
PROOFS AS REQUIRED BY RULE 4:64[-2].

II.

We need not recount in detail the facts of this case, which are set forth in

detail in Judge Goodzeit's opinion. For our purposes, it suffices to note that

defendant failed to answer plaintiff's complaint filed on March 31, 2015 and

served on defendant on April 7, 2015. In response, the court entered default

against defendant on March 1, 2016. Defendant did not challenge his default,

and, on August 18, 2016, the court entered final judgment. Fourteen months

---

[1] Sturdy Savs. Bank v. Roberts, 427 N.J. Super. 27 (Ch. Div. 2012).

later, on October 26, 2017, defendant filed his notice of motion to vacate final judgment pursuant to Rule 4:50-1(c).

## III.

Judge Goodzeit denied defendant's motion to vacate final judgment on two bases. First, Judge Goodzeit found defendant's motion was time barred under Rule 4:50-2. Second, Judge Goodzeit determined that defendant did not establish that his failure to answer plaintiff's complaint was excusable under the circumstances.

We accord the court's determination "substantial deference," and we will not reverse the court unless its ruling "results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]n abuse of discretion [occurs] when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). We concur with Judge Goodzeit's sound conclusions and, under our deferential standard of review, affirm her denial of defendant's motion.

## A.

Rule 4:50-1 governs motions for relief from a judgment or order. That provision "is designed to reconcile the strong interests in finality of judgments

4

and judicial efficiency with the equitable notion that courts should have the authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120 (1977). However, parties do not have an unlimited period of time to seek relief. Rather, motions brought pursuant to Rule 4:50-1(a), (b), and (c) "shall be made within a reasonable time . . . [that is] not more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2; see also Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011) ("All Rule 4:50 motions must be filed within a reasonable time, which, in some circumstances, may be less than one year from entry of the order in question." (emphasis omitted)).

We agree with Judge Goodzeit that defendant is procedurally barred under Rule 4:50-2 from seeking relief from the final judgment entered against him. Defendant waited well over a year before filing the instant motion to vacate. The record supports Judge Goodzeit's conclusion that this period of delay was unreasonable and, certainly, well outside the one-year outer limit for seeking relief from a judgment under Rule 4:50-1(a), (b), or (c). Accordingly, defendant must be deemed to have waived his right to attack the judgment entered on August 18, 2016. See M & D Assocs. v. Mandara, 366 N.J. Super. 351–52 (App. Div. 2004) (noting that the right to challenge a judgment based on lack of service

5

"may be waived if not brought within a reasonable time"); <u>Bascom Corp. v. Chase Manhattan Bank</u>, 363 N.J. Super. 334, 341 (App. Div. 2003) (commenting that the right to attack a judgment on the basis of lack of personal jurisdiction may "be deemed waived if not exercised within a reasonable time").

B.

Separate from the procedural deficiencies involved in defendant's motion, we also agree with Judge Goodzeit that defendant's motion to vacate default judgment should be denied on the merits. We recognize that courts "view 'the opening of default judgments . . . with great liberality.'" <u>Mancini v. EDS</u>, 132 N.J. 330, 334 (1993) (quoting <u>Marder v. Realty Constr. Co.</u>, 84 N.J. Super. 313, 319 (App. Div. 1964)). However, that general principle does not obviate the requirement that a party show both "that the neglect to answer was excusable under the circumstances" and that the movant "has a meritorious defense." <u>Marder</u>, 84 N.J. Super. at 318. Excusable neglect is defined as that "which might have been the act of a reasonably prudent person under the same circumstances." <u>Tradesmens Nat'l Bank & Trust Co. v. Cummings</u>, 38 N.J. Super. 1, 5 (App. Div. 1955).

Here, defendant presents no argument on appeal excusing his failure to answer the complaint against him. Rather, defendant focuses on alleged

6

deficiencies in plaintiff 's application for final judgment. His contentions are clearly without merit. In these circumstances, we agree with the trial court that defendant has failed to offer an excuse for his neglect.

The gravamen of Doerr's argument on appeal is that plaintiff failed to comply with the requirements of Rule 4:64-2(d) when it submitted an application for final judgment supported by certifications rather than affidavits. Defendant's contention ignores Rule 1:4-4(b), which provides:

> In lieu of the affidavit, oath, or verification required by these rules, the affiant may submit the following certification, which shall be dated and immediately precede the affiant's signature: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment."

Applying this rule of general application, we have previously confirmed that a certification "with language certifying that its contents are true and with . . . recognition that any 'willfully false' statements may subject [the affiant] to punishment, is the functional equivalent of an affidavit in New Jersey practice." State v. Kent, 391 N.J. Super. 352, 372 (App. Div. 2007); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:4-4 (2020) (explaining Rule 1:4-4(b) "permit[s] the certification to be used in lieu of any sworn statement required by [the] rules").

7

In this instance, the record clearly supports the trial court's finding that the certifications submitted by plaintiff as part of the foreclosure process contained the language required by Rule 1:4-4(b) that allows those certifications to stand in place of an affidavit. For this reason, plaintiff's use of certifications in place of affidavits is not fatal to the entry of final judgment, and the trial court in no way abused its discretion in rejecting the central premise of Doerr's substantive argument and in denying on the merits his motion to vacate final judgment.

Any additional contentions raised by Doerr that we have not addressed lack sufficient merit to warrant discussion in this opinion. Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION