OPINION OF THE COURT
 

 ROTH, Circuit Judge:
 

 This appeal arises from a mortgage foreclosure sale that took place after the filing of debtor’s second Chapter 13 petition in bankruptcy. The debtor, Leonard J. Siciliano, had repeatedly defaulted on mortgage payments owed to Prudential Sayings and Loan Association (Prudential). After much maneuvering by both Siciliano and Prudential, the sheriff finally held a foreclosure sale three days after Siciliano had filed his second bankruptcy petition, without notifying either Prudential or the sheriff of this filing. Subsequently, Prudential sought relief from the automatic stay in order to validate the sale. The bankruptcy court refused to grant this relief and the district court affirmed. In this appeal, Prudential contends that the bankruptcy court should have granted retroactive relief from the automatic stay. For the reasons set forth below, we will reverse and remand this case to the bankruptcy court for further proceedings consistent with this opinion.
 

 I.
 

 Prudential is a savings and loan association with its principal office in Philadelphia, Pennsylvania. On September 4, 1984, Prudential secured a $17,000.00 loan to Siciliano with a mortgage on his residence located at 2027 South 24th Street, Philadelphia. Siciliano fell behind on his payments and on May 31, 1989, Prudential filed a complaint in the Philadelphia Court of Common Pleas to foreclose on the mortgaged property. In its complaint, Prudential alleged that Siciliano had failed to make his $169.00 monthly payments for the previous eight months. The debt and late charges amounted to $18,169.81. By order entered September 5, 1989, the state court awarded Prudential $19,838.99. A sheriffs sale of the property was scheduled for Monday, December 4, 1989.
 

 On Friday, December 1, 1989, three days before the sheriffs sale, Siciliano filed the first Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Pursuant to the Bankruptcy Code, the petition triggered an automatic stay of all creditor proceedings. 11 U.S.C. § 362(a). Thereafter, Siciliano failed to make several post-petition mortgage payments to Prudential.
 

 On February 19, 1991, Prudential filed a motion for relief from the automatic stay. By order entered April 4, 1991, the bankruptcy court held that Prudential could proceed with its state foreclosure action if Sicili-ano should default again on his payments. As a prerequisite to foreclosure, Prudential had to provide Siciliano with notice and a five-day cure period. Siciliano, however, defaulted once more and by order entered June 20, 1991, the bankruptcy court granted Prudential relief from the automatic stay.
 

 During this period, while Prudential was attempting to complete the foreclosure on the property, the United States Trustee had independently initiated steps to dismiss the bankruptcy proceeding because of Siciliano’s failure to make the payments required by his Chapter 13 Plan. On October 4, 1991, the trustee filed a motion to dismiss the petition. A hearing on the trustee’s motion was held on November 7, 1991, and the bankruptcy court granted the dismissal that same day.
 

 Meanwhile, Prudential was still attempting to set up a sheriffs sale of the property. The sale was rescheduled for Monday, December 2, 1991. At that time, the mortgage debt amounted to $22,517.12. On Friday, November 29, 1991, once again just three days before the scheduled sale, Siciliano filed his second Chapter 13 bankruptcy petition. Despite this new filing, the December 2 foreclosure sale proceeded as scheduled. Prudential did not become aware of the second petition until December 4, when notice was published in a Philadelphia legal newspaper. Siciliano did not inform the sheriff of the second bankruptcy filing until December 5.
 

 
 *750
 
 On December 23, 1991, Prudential filed a motion for relief from the automatic stay triggered by the November 29,1991, petition. On January 6, 1992, while Prudential’s motion was pending, the bankruptcy court dismissed Siciliano’s second Chapter 13 petition because of Siciliano’s failure to file the required documents. The court subsequently dismissed Prudential’s motion for relief from the stay as moot.
 

 On March 3, 1992, the bankruptcy court held a hearing to consider Siciliano’s request for an opportunity to file a Chapter 7 petition, which the court construed as a motion to reconsider the January 6, 1992, dismissal of his second Chapter 13 petition. As a result of that hearing, the court entered an order on March 5,1992, holding that any sale of the property on December 2, 1991, was void and that the dismissal of the bankruptcy petition would stand.
 
 [1]
 
 Prudential filed a motion to reconsider the order and for retroactive relief from the automatic stay in order to validate the sheriffs sale of the mortgaged property. After a hearing, the court denied Prudential’s motion. On appeal, the district court affirmed the bankruptcy court order. Prudential’s timely appeal followed. Sicili-ano is appearing
 
 pro se
 
 in this appeal.
 

 II.
 

 The bankruptcy court had federal subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a) — (b). The district court had jurisdiction under 28 U.S.C. § 158(a). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 158(d). We apply, like the district court, a clearly erroneous standard to the bankruptcy court’s factual findings and a plenary standard to legal issues.
 
 Meridian Bank v. Alten,
 
 958 F.2d 1226, 1229 (3d Cir.1992).
 
 See also In re Allegheny Int’l, Inc.,
 
 954 F.2d 167, 172 (3d Cir.1992);
 
 Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 101-02 (3d Cir.1981).
 

 The bankruptcy court dismissed Prudential’s motion for relief from the automatic stay as moot stating that, if a sale had oe-curred in violation of the stay, the sale was void
 
 ab initio.
 
 Moreover, it held that Sicili-ano did not exhibit any bad faith to warrant an annulment of the stay. The court questioned Prudential’s good faith, noting that it had made no effort to remedy the consequences of the sheriffs sale.
 

 On appeal, Prudential maintains that relief from the automatic stay could apply retroactively to validate the sheriffs sale. Furthermore, it submits that such relief is warranted because Siciliano has acted in bad faith in an attempt to frustrate the collection process. Because we find that authority for the bankruptcy court to validate the foreclosure sale was available under 11 U.S.C. § 362(d), we do not go on to consider the issue of good faith.
 

 After careful consideration of the relevant statutory provisions of the Bankruptcy Code, we find that the bankruptcy court erred when it dismissed Prudential’s motion on the basis that the foreclosure sale was void, not merely voidable. While the court correctly articulated the general principle that any creditor action taken in violation of an automatic stay is void ab
 
 initio, see Maritime Electric Co. v. United Jersey Bank,
 
 959 F.2d 1194, 1206 (3d Cir.1991), we find that the instant case falls within an exception to that rule.
 

 The Bankruptcy Code states that a bankruptcy petition operates as a stay of all enforcement proceedings against the debtor. 11 U.S.C. § 362(a). The purpose of the automatic stay provision is to afford the debtor a “breathing spell” by halting the collection process. It enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt.
 
 Maritime Electric Co.,
 
 959 F.2d at 1204.
 
 See also
 
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 6296-97 (stating that the automatic stay is designed to relieve the
 
 *751
 
 debtor of “the financial pressures that drove him into bankruptcy”).
 

 It is undisputed that Prudential violated the automatic stay when it proceeded with the sheriffs sale of the mortgaged property after Siciliano filed his Chapter 13 petition. Prudential contends, however, that there is relief available to cure the violation.
 

 Prudential relies on the portion of the Code which states
 

 (d) On request of a party in interest and after notice and a hearing, the court
 
 shall grant relief
 
 from the stay provided under subsection (a) of this section, such as by terminating,
 
 annulling,
 
 modifying or conditioning such stay— ...
 

 (2) with respect to a stay of an act against property under subsection (a) of this section, if—
 

 (A) the debtor does not have an equity in such property, and
 

 (B) such property is not necessary to an effective reorganization.
 

 11 U.S.C. § 362(d) (emphasis added). This provision clearly indicates that under the conditions prescribed in subsection (d)(2)(A) and (B), the bankruptcy court
 
 shall
 
 grant relief from the automatic stay, if requested to do so by a party in interest. Included in the relief available is the annulment of the stay. The issue we must address is whether such an annulment could effectively validate the December 2, 1991, sheriffs sale. While we have recognized the limited circumstances under which other Circuits have applied relief retroactively, this court has yet to directly address this issue.
 
 See Maritime Electric Co.,
 
 959 F.2d at 1207, n. 11 (acknowledging that certain courts rely on section 362(d) to cure acts that are otherwise void under the automatic stay).
 

 We agree with Prudential’s contention that the inclusion of the word “annulling” in the statute, indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void
 
 ah initio.
 
 As the Fifth Circuit has acknowledged, “[t]he power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay.”
 
 [2]
 

 Sikes v. Global Marine, Inc.,
 
 881 F.2d 176, 178 (5th Cir.1989).
 
 See also In re Schwartz,
 
 954 F.2d 569, 572 (9th Cir.1992) (observing that “section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay”). We note that, if such relief did not apply retroactively, then “its inclusion next to ‘terminating’ would be superfluous.”
 
 In re Albany Partners, Ltd.,
 
 749 F.2d 670, 675 (11th Cir.1984).
 
 See also
 
 2 Collier’s Bankruptcy Manual ¶ 362.06 (3d ed. 1983) (stating that an order “annulling the stay could operate retroactively to the date of the filing the petition which gave rise to the stay; ... [while] an order terminating the stay would be operative only from the date of its entry”).
 

 Accordingly, we conclude that the bankruptcy court erred when it dismissed Prudential’s motion for relief from the November 17, 1991, automatic stay as void, not voidable. Pursuant to section 362(d), the bankruptcy court had authority to grant an annulment of the stay. If it had done so, the post-petition sheriffs sale would have been validated as an exception to the void
 
 ab initio
 
 rule.
 

 For the above reasons, we will remand this ease to the bankruptcy court to determine whether this case meets the conditions of 11 U.S.C. § 362(d)(2)(A) or (B). We note that, based on our review of the bankruptcy court hearing transcripts, there appears to be serious question whether Siciliano possessed equity in the mortgaged property. According to the hearing testimony, the estimated value of Siciliano’s property was $22,000 and there were two outstanding mortgages with a total balance due of $37,500.
 
 See
 
 Bankruptcy
 
 *752
 
 Court Hearing Transcript, April 9, 1992, at 25. Thus, it appears that Siciliano lacked equity in the property when he filed his bankruptcy petition. Given these factors, upon Prudential’s request for relief under § 362(d), the bankruptcy court must consider whether Siciliano had an equity in the property and if not, grant appropriate relief to Prudential. For the reasons stated above, appropriate relief could include annulling the stay and validating the sheriffs sale.
 

 III.
 

 Based on the foregoing reasons, we conclude that the bankruptcy court erred when it dismissed Prudential’s motion for relief from the automatic stay. An annulment can operate retroactively to rehabilitate violations of an automatic stay. We will, therefore, reverse and remand to the district court for further remand to the bankruptcy court to determine whether Siciliano had an equity interest in the property and, if not, to grant appropriate relief under § 362(d)(2).
 

 [1]
 

 . We note that Siciliano subsequently filed a third bankruptcy petition which is docketed in the bankruptcy court as No. 92-11934.
 

 [2]
 

 . We find it significant that the Code expressly permits certain post-petition transactions that occur in violation of the automatic stay. Some transactions, for example, will be considered valid unless voided by the trustee. 11 U.S.C. § 549. In addition, post-petition property transfers are valid when the parties act in good faith without knowledge that the debtor filed a bankruptcy petition. 11 U.S.C. § 542(c). We agree with the Fifth Circuit's conclusion that "[i]f everything done post-petition were void in the strict sense of the word, these provisions would either be meaningless or inconsistent with the specific mandate of section 362(a).”
 
 Sikes,
 
 881 F.2d at 179.