[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN #113
CT Page 4734
This is a medical malpractice action brought by the administratrix on behalf of the estate of the decedent, Helen Whittaker, who allegedly was injured when she fell out of bed while a patient in a nursing home owned by the defendant, Frontier of Connecticut. The matter was placed on a dormancy calendar and then subsequently dismissed on June 25, 1999 for failure to prosecute the action with reasonable diligence. On July 16, 1999, Frontier filed petitions in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division under Chapter 11 of the U.S. Bankruptcy Code. Neither the plaintiff nor Frontier's insurance defense counsel was aware of the filing of the bankruptcy petition. On August 13, 1999, this court, also unaware of the bankruptcy action in federal court, granted the plaintiff's motion to set aside the judgment of dismissal of June 25, 1999. The court again dismissed the case on October 26, 1999, however, this time in response to a motion to dismiss for failure to file an amended complaint after the partial granting of a motion to strike. On October 25, 2000, the plaintiff filed the present motion to open and set aside judgment, to which motion the defendant has filed its objection, based on a lack of timeliness. The plaintiff argues that she could not have timely filed this motion because of the bankruptcy stay which had been in effect.
The plaintiff contends that she has now received a relief from staynunc pro tunc from the U.S. Bankruptcy Court and that the defendant's petition in federal bankruptcy court is therefore no bar to this court's consideration of her motion to open. "The automatic stay is one of the most fundamental debtor protections provided by the bankruptcy laws."Midlantic National Bank v. New Jersey Dept. of Environmental Protection,474 U.S. 494, 503, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). Section 362(a) (1) of Title 11 provides that a federal bankruptcy petition operates an automatic stay upon, inter alia, the "continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of the case under this title." 11 U.S.C. § 362 (a)(1). The automatic stay "is effective immediately upon the filing of [a bankruptcy] petition." (Internal quotation marks omitted.) EasternRefractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 172 (2d Cir. 1998). The creditor or other entity's knowledge of the stay is irrelevant — the stay applies even if the acting entity had no knowledge of its existence. In re Calder, 907 F.2d 953, 956 (10th Cir. 1990); 9B Am. Jur.2d, Bankruptcy § 1568 (1999).
The federal circuits are divided on the status of actions taken in violation of a stay. The majority hold that actions taken in violation of a stay are void and without effect. See, e.g., In re Soares, 107 F.3d 969, CT Page 4735 976 (1st Cir. 1997); In re Colonial Realty Co., 980 F.2d 125, 137 (2nd Cir. 1992); In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994); In reVierkant, 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999); In re BaldwinBuilders, 232 B.R. 406, 410 (B.A.P. 9th Cir. 1999); Franklin SavingsAssn. v. Office of Thrift Supervision, 31 F.3d 1020, 1022 (10th Cir. 1994); In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984). These decisions argue that terming actions in violation of a stay merely "voidable" incorrectly places the burden on the debtor to challenge creditor violations of the stay. It is more consistent with the purpose of the automatic stay — providing protection to debtors — to term actions in violation of a stay void, placing the burden on creditors to justify violations. See, e.g., In re Soares, supra, 107 F.3d 976; Inre Schwartz, 954 F.2d 569, 571-72 (9th Cir. 1992). Some circuits, however, hold that actions taken in violation of the automatic stay are merely voidable. See, e.g., In re Chunn, 106 F.3d 1239, 1242 (5th Cir. 1997); Bronson v. United States, 46 F.3d 1573, 1578-79 (Fed. Cir. 1995);Easley v. Pettibone Michigan Corp., 990 F.2d 905, 911 (6th Cir. 1993). These opinions seek to avoid the semantic contradiction of terming an action void, when section 362(d) of Title 11 clearly states that bankruptcy courts have the power to annul a stay, thus implying that what was void ab initio can be somehow "cured." See, e.g., Sikes v. GlobalMarine, Inc., 881 F.2d 176, 178-79 (5th Cir. 1989); Easley v. PettiboneMichigan Corp., supra, 990 F.2d 909-10.
Regardless of whether the actions in violation of a stay are termed "void" or merely "voidable," the circuits agree that bankruptcy courts have the power to grant a relief from stay retroactively. See e.g., In reSoares, supra, 107 F.3d 976; Eastern Refractories Co. v. Forty EightInsulations, Inc., supra, 157 F.3d 172; In re Siciliano, supra, 13 F.3d 751; Easley v. Pettibone Michigan Corp., supra, 990 F.2d 910; Inre National Environmental Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997); see also Prudential Ins. Co. v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 127550 (March 15, 1996,Pellegrino, J.) (16 Conn.L.Rptr. 247) (holding that a bankruptcy court's grant of relief from stay nunc pro tunc rendered valid the commencement of an action that was originally brought in violation of the automatic stay). A retroactive relief from stay "reaches back in time to validate proceedings or actions that would otherwise be deemed void abinitio." Eastern Refractories Co. v. Forty Eight Insulations, Inc.,
supra, 157 F.3d 172; see also In re Siciliano, supra, 13 F.3d 751.
In this case, the bankruptcy court granted the plaintiff's relief from stay retroactive to July 16, 1999. Therefore, all of this court's actions after July 16, 1999, which originally were in technical violation of the stay, have been validated by the bankruptcy court's nunc pro tunc grant of relief. Thus, for example, the court's granting of the plaintiff's CT Page 4736 motion to set aside the judgment of dismissal of June 25, 1999 has now been rendered valid. Unfortunately for the plaintiff, however, this remedy is a two-edged sword, for the judgment of dismissal of October 26, 1999, has also been validated by the retroactive relief from stay. Hence, the present status of the case is that it has been dismissed. The question now is whether this court may set aside that dismissal.
General Statutes § 52-212a and Practice Book § 17-4 govern the filing of a motion to open. Section 17-4 (a) provides that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court." Practice Book §17-4(a). When a motion to open is timely filed, the trial court has "discretion . . . to determine whether there is a good and compelling reason for [the judgment's] modification or vacation." (Internal quotation marks omitted.) Mazziotti v. Allstate Ins. Co., 240 Conn. 799,809, 695 A.2d 1010 (1997). The expiration of the four month period, however, deprives the court of "authority to grant relief from a judgment." Kim v. Magnotta, 249 Conn. 94, 102, 733 A.2d 809 (1999) (rejecting the previous construction of § 52-212a as a limit on the court's personal jurisdiction over the parties). The four month period commences, not on the date judgment is rendered, but on "the date on which notice of the judgment is sent." Federal Ins. Co. v. Gabriele,54 Conn. App. 459, 462, 735 A.2d 368 (1999).
There are, however, limited exceptions to the four month rule. "A judgment rendered may be opened after the four month limitation if it is shown that the judgment was obtained by fraud, in the absence of actual consent or because of mutual mistake." Wilkes v. Wilkes, 55 Conn. App. 313,325, 738 A.2d 758 (1999).
In this case, the court rendered a judgment of dismissal on October 26, 1999. The parties were notified of the dismissal on November 3, 1999. The plaintiff did not file the motion to open until October 25, 2000, well over four months from the date of the dismissal, but within four months of the date that relief from the stay was granted by the bankruptcy court. There is no evidence suggesting that the dismissal judgment was obtained by fraud or in the absence of actual consent. The court must consider, however, whether in the absence of an evidence that the plaintiff should have known that a nunc pro tunc relief from stay would some day be granted, mutual mistake concerning the status of this case and the ability to seek to have the judgment opened should excuse the plaintiff's delay in filing. Indeed, until the relief from stay was CT Page 4737 granted, the parties appear to have been under the impression that no effort to vacate that judgment would have been proper. The court is unaware, however, of any rule that would have prevented the plaintiff from at least filing a motion to open, if only to hold her place on line should the stay eventually be lifted, even though it is clear that had she done so, the court would have been without authority at that time to grant such a motion. Clearly, the filing of such a "placeholder" motion would have been wise, but this court cannot conclude that the failure to file it should be viewed as fatal to the plaintiff's case.
The defendant's bankruptcy petition thus poses no bar to the court's considering plaintiff's motion because the plaintiff received a relief from stay nunc pro tunc. Even though the plaintiff's motion to open was filed more than four months after the dismissal, it is nonetheless timely because it was filed within four months after the retroactive relief from stay was granted and under circumstances where prior to that relief, the parties believed that the court would have no authority to act on such a motion. That the court's having acted on an earlier motion to open would have been validated eventually by the subsequent nunc pro tunc relief from stay does not alter the fact that the parties mistakenly believed that the court could not have so acted at the time. Under those circumstances, the four month limitation on motions to open ought not be considered to have begun until the date of the bankruptcy' court's grant of nunc pro tunc relief.[1]
Turning to the actual merits of the motion to open, it is apparent that what had occurred is that this court granted a motion to dismiss based on failure to replead in timely fashion after the granting of a motion to strike the third count of the original complaint. That motion to dismiss had been granted in large part because there had been no objection interposed, but it is clear that the first and second counts of the complaint had remained unaffected by the striking of the third count and that there was no reason in law why the first and second counts had to be repleaded once a decision not to refile the third count had been made. Under these circumstances, the plaintiff ought to be permitted to proceed with the first and second counts of the original complaint.
For the above reasons, the motion to open is granted, with prejudice to the plaintiff's right to replead the stricken third count. So as to clarify the pleadings, the plaintiff is further ordered to file, within 30 days of the date of this decision, an amended complaint that encompasses only the allegations of the original first and second counts.
Jonathan E. Silbert, Judge CT Page 4738