

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2007

# In Re: Leroy Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4725

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Leroy Jones " (2007). *2007 Decisions.* Paper 1758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4725

———

IN RE: LEROY C. JONES;
CATHERINE L. JACKSON,
Debtors

LEROY C. JONES;
CATHERINE L. JACKSON

v.

COUNTRYWIDE HOME LOANS, INC.;
ROBERT E. UNTIG

Leroy C. Jones;
Catherine L. Jackson;
*William C. Miller,
Appellants

*(Pursuant to F.R.A.P. 12(a))

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-02548)
District Judge: Honorable Marvin Katz

———

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2007

Before: SLOVITER, RENDELL, and CUDAHY,[*] <u>Circuit Judges</u>

(Filed: January 23, 2007)

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

The property of the Plaintiffs/Appellants, Leroy C. Jones and Catherine L. Jackson, was sold by the mortgagee (also "Lender") on October 1, 2001[1] pursuant to a sheriff's sale. The issue before us is whether the District Court properly concluded that the United States Bankruptcy Court for the District of New Jersey annulled the automatic stay and thereby validated the sheriff's sale of Appellants' home. Because we write primarily for the parties who are familiar with the facts, we set forth only those facts that are necessary to our disposition.

**I.**

Plaintiffs/Appellants[2] Leroy Jones and Catherine Jackson, husband and wife and the debtors in this case ("the Debtors"), filed a joint Chapter 13 bankruptcy case on

———

[*] Hon. Richard D. Cudahy, United States Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

[1] The District Court opinion states that the sale took place on October 29, 2001. The difference in date is immaterial for our purposes.

[2] William M. Miller is also named as a Plaintiff/Appellant in this case, but is not identified as a debtor.

February 3, 2004 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On that same day, the Debtors also filed an adversary proceeding against Defendants/Appellees Countrywide Home Loans, Inc. ("the Mortgagee") and Robert Untig, the Sheriff of Sussex County, New Jersey ("the Sheriff"), seeking, among other things, to set aside the October 1, 2001 sheriff's sale of their former home on the ground that Countrywide violated the automatic stay in a bankruptcy case that they had previously filed in the United States Bankruptcy Court for the District of New Jersey. Plaintiffs seek restoration of their title to the property and compensatory and punitive damages against Countrywide and Untig for violation of the automatic stay. A brief recitation of the history surrounding this case is necessary to put the claims presently before us in perspective.

On or about October 29, 1999, the Debtors purchased a home in Wantage, New Jersey. Countrywide is the assignee of the original mortgagee. After the debtors became in arrears on their mortgage payments, Countrywide filed a complaint in the Superior Court of New Jersey to foreclose its mortgage. On March 22, 2001, the Superior Court entered final judgment in favor of Countrywide and issued a writ of execution directing the Sheriff of Sussex County to sell the property in execution upon the judgment. The property was scheduled for a sheriff's sale on June 11, 2001. Leroy Jones, under the name Kenneth Jackson,[3] responded by filing a bankruptcy petition in the United States

---

[3] The record reveals a number of aliases for Debtor. Leroy Jones was also known as Kenneth Clifford, Alan Jones, and

3

Bankruptcy Court for the District of New Jersey. The scheduled sale was canceled upon notification of the bankruptcy filing. On August 9, 2001, the court entered an order dismissing the case due to Debtor's failure to appear and file the required schedules in support of his case. Countrywide thereafter continued its efforts to foreclose the mortgage and the sheriff's sale was ultimately conducted on October 1, 2001. On September 28, 2001, the Debtors filed a second Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of New Jersey. The Debtors claim to have notified both Countrywide and the Sheriff of the filing prior to the October 1, 2001 sale, but Defendants dispute receiving such notice.

On November 19, 2001 the New Jersey Bankruptcy Court dismissed the Debtors' second bankruptcy proceeding, and on February 19, 2002 issued an "Order Vacating Dismissal, Annulling the Automatic Stay, Allowing Prospective In Rem Relief as to Real Property and Dismissing Case." App. at 168. On April 19, 2002, the court, in response to the Debtors' motion, reinstated the case and the automatic stay on the condition that the Debtors cure the balance of their post-petition arrears and resume regular monthly payments. The Debtors failed to fulfill these obligations and as a result, on May 5, 2003, the New Jersey Bankruptcy Court issued a second order annulling the stay. The Debtors did not appeal either annulment order, and on June 3, 2003 the case was dismissed.

Thereafter, the Debtors filed this action in which the sole remaining claim alleges

Jackson.

4

that the sheriff's sale violated the automatic stay that resulted from the filing of their second Chapter 13 bankruptcy case. The Bankruptcy Court granted Defendants' motion for summary judgment, concluding that the annulment orders issued by the New Jersey Bankruptcy Court on February 19, 2002 and May 5, 2003 retroactively validated the sheriff's sale. The Debtors appealed, and the United States District Court for the Eastern District of Pennsylvania affirmed. A timely appeal to this court followed. Our standard of review is plenary. Schlumberger Res. Mgmt. Servs., Inc. v. Cellnet Data Sys., Inc. (In re Cellnet Data Sys., Inc.), 327 F.3d 242, 244 (3d Cir. 2003).

## II.

The Debtors argue that both the Bankruptcy Court and the District Court improperly concluded that the United States Bankruptcy Court for the District of New Jersey annulled the automatic stay and thereby validated the sheriff's sale. They argue that those courts improperly deprived them of the opportunity to prove that they gave fair notice of the sale to the Lender and the Sheriff. They contend that because they notified the mortgagee and the sheriff of this filing, the sale should not have occurred and, in consequence, there should not have been a sale to validate, and an annulment of the stay could not have validated the sale. They also contend that an annulment should not be ordered when the debtor provides notice to a sheriff or judgment creditor, but rather must be reserved for extraordinary circumstances not present in this case. We need not decide the issue of notice vel non because it would not affect our disposition.

11 U.S.C. § 362(d) provides, "On request of a party in interest and after notice and

5

a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, _annulling_, modifying, or conditioning such stay --

(1) for cause. . . ." (Emphasis added). We considered this provision in our decision in In re Siciliano, 13 F.3d 748 (3d Cir. 1994), a case that presented facts similar to those presented here. Id. at 749. The debtor there, Siciliano, had filed his second bankruptcy petition after repeatedly defaulting on mortgage payments. The sheriff, who had not been notified of the bankruptcy filing, held a foreclosure sale three days thereafter. The bankruptcy court and the district court both denied the lender relief from the automatic sale to retroactively validate the sale. Id. We reversed on the basis of § 362(d), explaining that "the inclusion of the word 'annulling' in the statute . . . indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void _ab_ _initio_." Id. at 751. We concluded that the bankruptcy court "erred when it dismissed [the lender's] motion for relief from the . . . automatic stay as void, not voidable" and remanded the case to the bankruptcy court to determine whether Siciliano could satisfy the equity requirement imposed by 11 U.S.C. § 362(d)(2). Id. The holding in that case that "[a]n annulment can operate retroactively to rehabilitate violations of an automatic stay," id. at 752, established the legal principle applicable here.

The Debtors seek to distinguish this case from Siciliano on the ground that the debtor in Siciliano did not notify the lender or the sheriff of his bankruptcy filing. As noted earlier, there is a dispute as to whether the Debtors notified both the Sheriff and the lender of their filing. Notably, the Debtors did not appeal either of the two annulment

6

orders.

The Debtors argue that the annulment orders did not expressly provide for a validation of the sale. The February 19, 2002 order was styled as an "Order Vacating Dismissal, Annulling the Automatic Stay, Allowing Prospective In Rem Relief as to Real Property and Dismissing Case," and provided that "[t]he automatic stay of Bankruptcy Code section 362(a) is vacated[.]" App. at 168. Similarly, the May 5, 2003 order was one "Annulling Stay and Allowing Prospective In Rem Relief as to Real Property" and expressly allows proceeding with "the eviction process without further Order of this Court . . . ." App. at 190. The District Court concluded that "[t]he orders issued by the Bankruptcy Court of the District of New Jersey on February 19, 2002 and May 5, 2003 annulled the automatic stay and retroactively validated the Sheriff's Sale." App. at 6-7. The Court further concluded that "[g]iven the unambiguous nature of the meaning of annulment, a Bankruptcy Court's annulment order need not specifically state that it is retroactively validating a violation of an automatic stay; it is sufficient that the order state that the automatic stay is annulled. The retroactive effect is implicit in the order." App. at 7. We agree.

## III.

In sum, our review of the Bankruptcy Court and District Court decisions does not reveal any error.[4] We will affirm the judgment of the District Court.

---

[4] In light of our decision, we need not reach the Appellees' additional argument that Appellants' claim is barred by <u>res</u>

7

_____

 judicata.