

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# In Re: Snyder

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Snyder " (2008). *2008 Decisions.* Paper 531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4066
_____

IN RE: SHANNI SNYDER,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-00398)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008
Before: RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 17, 2008)
_____

OPINION
_____

PER CURIAM

Shanni Snyder appeals from the order of the United States District Court for the

Western District of Pennsylvania, heard on appeal from the order issued by the United

States Bankruptcy Court for the Western District of Pennsylvania and affirming the same.

The facts are well-known to the parties, so we will not recount them here at length.  In

summary, Snyder, along with her siblings Mark Snyder, Kash Snyder, and Scott Snyder

shared ownership of a number of properties located in Allegheny and Westmoreland

Counties. Mortgage foreclosure actions regarding those properties commenced in July 2003 in Allegheny County and in October 2003 in Westmoreland County. Snyder filed a Chapter 13 bankruptcy petition on November 17, 2003. On November 24, 2003, default judgment was entered in the mortgage foreclosure action in Allegheny County, and on December 12, 2003, default judgment was entered in the mortgage foreclosure action in Westmoreland County. Ultimately, Shanni Snyder's bankruptcy petition was dismissed in July 2004, due to her failure to file notice of a financing commitment and amended plan. The Allegheny County properties were sold at a sheriff's sale on January 14, 2005; those properties were then sold to third parties in June 2005 and September 2005.

Meanwhile, her siblings also filed a number of their own individual bankruptcy petitions after foreclosure proceedings were initiated; none of the bankruptcy cases proceeded beyond preliminary stages. The bankruptcy filings included three petitions filed by Mark Snyder and one petition filed by Kash Snyder. Notably, in Kash Snyder's case, the Bankruptcy Court granted in rem relief from the automatic stay in January 2005 so that foreclosure on the Allegheny County properties could proceed.

In December 2005, Snyder filed a motion to reopen her bankruptcy petition so that she could pursue an adversary complaint to declare void the state court default judgments entered in the mortgage foreclosure actions. She argued that the judgments were void because they were obtained during the pendency of the automatic stay in her bankruptcy case. In addition to damages and other relief, she sought to have the effects of the sales reversed. After a hearing on February 15, 2006, the Bankruptcy Court granted Snyder's

motion in part and denied it in part, referring to the reasoning on the record. The motion

was denied regarding the attempt to pursue an adversary action, and was granted to

retroactively annul the automatic stay to declare that the sheriff's sale of the Allegheny

County properties was not in violation of the automatic stay.[1] The Bankruptcy Court

further noted that it would not permit Snyder to commence an adversary action as a

litigation strategy, and it again closed the matter with its order.

The District Court affirmed the Bankruptcy Court's decision, determining that the

Bankruptcy Court did not abuse its discretion in granting relief from the automatic stay

and in denying reopening of the bankruptcy case for pursuing the adversary action. The

District Court also denied Snyder's motion for reconsideration. This appeal followed.

We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.[2] We undertake

plenary review of the District Court's decision acting as an appellate court of a

bankruptcy matter. In re Myers, 491 F.3d 120, 124 (3d Cir. 2007). In reviewing the

Bankruptcy Court's decision, we exercise the same standard of review as the District

Court. See id. at 125. That is, we review the Bankruptcy Court's legal determinations de

---

[1] Specifically, the order provides in pertinent part: ". . . the stay is annulled retroactively so that the sheriff's sale of the properties at [the street addresses of the five Allegheny County properties] is declared to be not in violation of the automatic stay, for the reasons expressed on the record this date. No adversary action is permitted at this time. . . ." In Re: Shanni Snyder, No. 03-34365 (Bankr. W.D. Pa. Feb. 16, 2006).

[2] Initially, it appeared that this Court lacked appellate jurisdiction due to an untimely notice of appeal. However, Snyder filed in District Court a motion under Federal Rule of Appellate Procedure 4(a)(5) to extend the time to file an appeal. The District Court granted the motion on September 29, 2006. In light of this order, we are satisfied that we have appellate jurisdiction.

novo, its factual findings for clear error, and its discretionary determinations for abuse of

discretion. See Reconstituted Comm. of Unsecured Creditors of the United Healthcare

Sys., Inc., v. State of N.J. Dept. of Labor (In re United Healthcare Sys., Inc.), 396 F.3d

247, 249 (3d Cir. 2005). As pertinent to this appeal, we review for abuse of discretion the

decision to annul the automatic stay. See In re Myers, 491 F.3d at 128.[3]

As noted by the appellees, the appeal centers on whether the Bankruptcy Court

abused its discretion in annulling the stay. The Bankruptcy Code allows for relief from

an automatic stay in a number of ways, including "terminating, annulling, modifying or

conditioning" the stay. See 11 U.S.C. § 362(d). By virtue of the term "annulling" being

present in the statute, courts are empowered to grant retroactive relief, such as ratifying

violations of the automatic stay that otherwise would be void. See In re Myers, 491 F.3d

at 127-28; In re Siciliano, 13 F.3d 748, 750-51 (3d Cir. 1994). We have observed a

number of pertinent factors in determining whether the Bankruptcy Court abused its

discretion in annulling a stay, including (1) whether the creditor was aware of the

bankruptcy filing or encouraged violation of the stay; (2) whether the debtor is guilty of

inequitable, unreasonable, or dishonest conduct; and (3) whether the creditor would suffer

prejudice. See In re Myers, 491 F.3d at 129. We also have noted that the Bankruptcy

---

[3] Although neither party raises the issue, we note that Snyder's motion to "reopen"
her bankruptcy case might be construed more accurately as a motion to vacate the
dismissal of her case, as the matter was never "closed" under 11 U.S.C. § 350(a). See In
re Income Property Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982). However, we
observe that a motion filed pursuant to Federal Rule of Bankruptcy Procedure 9024,
which incorporates Federal Rule of Civil Procedure 60(b), may provide the vehicle for
nullification of the dismissal order.

Court has a wide latitude to balance the equities when granting relief from the automatic stay. See id., 491 F.3d at 130.

Applying these factors, we cannot say that the Bankruptcy Court abused its discretion in annulling the automatic stay for the purpose of ratifying the Allegheny County sheriff's sale. Snyder waited more than ten months after the sheriff's sale to dispute the validity of the default judgments that were entered years earlier. The serial bankruptcy filings by her family members, as described earlier, suggest conduct in bad faith. Furthermore, as emphasized by the Bankruptcy Court during the hearing, also at stake were the significant interests of the third-party purchasers of the Allegheny County properties.

Snyder argues that the Bankruptcy Court's order ratified the sheriff's sale without affecting the underlying state court judgment. Thus, she argues that she should have been allowed to revive her bankruptcy case to assert her claim that the judgment was entered in violation of the automatic stay and was void ab initio. To the extent that Snyder's position is based on the basis that an automatic stay is absolute and that a "void" action may never be cured by retroactive annulment, we have rejected this argument in previous cases, as noted above.[4] Moreover, we discern no abuse of discretion in the Bankruptcy

---

[4] Also, we are unpersuaded by the suggestion that an annulment of the stay as to Allegheny County properties' sale somehow leaves the underlying default judgment subject to Snyder's challenge. To annul a stay is to negate its existence. See In re Siciliano, 13 F.3d at 751 (distinguishing annulment of a stay, where annulment can operate as of the date of the bankruptcy petition's filing that gave rise to the stay, from termination of a stay, where a stay ends as of the date ordered). By the Bankruptcy Court's order annulling the stay for purposes of the Allegheny County properties'

Court's denying allowance for Snyder's adversary complaint to proceed. Snyder does not dispute that pursuing her adversary action was the sole purpose of her motion to revive the proceedings. Instead, she asserts that the Bankruptcy Court erred by acknowledging during the hearing that a damages claim would be allowable yet ignoring that Snyder's complaint did include a claim for damages. Snyder's argument oversimplifies the basis of Bankruptcy Court's ruling. The hearing transcript reflects that the Bankruptcy Court engaged in an inquiry as to Snyder's intentions regarding her motion, ultimately ascertaining from Snyder's responses that Snyder had no intention to pursue Chapter 13 relief. The Bankruptcy Court emphasized that allowing Snyder's bankruptcy case to continue would involve filing schedules, creating a payment plan, and paying remaining creditors–and that Snyder could amend her motion to comply with those Chapter 13 requirements–otherwise, her case would be dismissed (again). (See, e.g., H'rg Tr. Feb. 15, 2006 at 25, 27 (Appellant's App. Vol. II at 108, 110).)[5] Especially given Snyder's own history in failing to file a financing plan, as well as the history of Snyder's family's bankruptcy filings, we cannot say that denying the motion to revive her bankruptcy proceedings was an abuse of discretion.

We have considered the remaining arguments presented in Snyder's brief and

---

sheriff's sale, it is as though the stay never existed. Accordingly, Snyder cannot argue that the underlying Allegheny County judgment was entered in violation of a non-existent stay.

[5] Neither Snyder's motion nor the adversary complaint manifest any intent to pursue Chapter 13 relief.

motions and find them to be unpersuasive. We will affirm the District Court's judgment affirming the Bankruptcy Court's order annulling the stay as to the Allegheny County properties.[6] Snyder's and Appellees' respective motions to expand the record are denied.

---

[6] Snyder devotes part of her brief to disputing the District Court's "prejudicial dicta" that the Bankruptcy Court's annulment applied not only to the Allegheny County properties but also to the Westmoreland County properties. She contends that the District Court's decision is thus inconsistent with the Bankruptcy Court's subsequent order in Mark Snyder's bankruptcy matter–separately pending at C.A. No. 07-2780–and improperly expanded the Bankruptcy Court's ruling. Regardless of this characterization of the District Court's opinion, we merely note that the Bankruptcy Court's order is specific as to the intended scope of the annulment.