

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# In Re: Mark Snyder

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2780

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mark Snyder " (2008). *2008 Decisions.* Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2780
_____

IN RE: MARK SNYDER,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-01532)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2008
Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  September 17, 2008)
_____

OPINION
_____

PER CURIAM

Mark Snyder appeals from the order of the United States District Court for the

Western District of Pennsylvania, heard on appeal from the order issued by the United

States Bankruptcy Court for the Western District of Pennsylvania and affirming the same.

The facts are well-known to the parties, so we will not recount them here at length.  In

summary, Snyder, along with his siblings Shanni Snyder, Kash Snyder, and Scott Snyder

shared ownership of a number of properties located in Allegheny and Westmoreland

Counties. Mortgage foreclosure actions regarding those properties commenced in July 2003 in Allegheny County and in October 2003 in Westmoreland County. On November 24, 2003, default judgment was entered in the mortgage foreclosure action in Allegheny County, and on December 2, 2003, default judgment was entered in the mortgage foreclosure action in Westmoreland County. The Allegheny County properties were sold at a sheriff's sale on January 14, 2005; those properties were then sold to third parties in June 2005 and September 2005.

Meanwhile, Snyder and his siblings filed a number of individual bankruptcy petitions after foreclosure proceedings were initiated; none of the bankruptcy cases proceeded beyond preliminary stages. The bankruptcy filings included several petitions filed by Snyder himself, including a petition filed on November 17, 2003. Notably, in Kash Snyder's case, the Bankruptcy Court granted in rem relief from the automatic stay in January 2005 so that foreclosure on the Allegheny County properties could proceed. Also, in February 2006, the Bankruptcy Court retroactively annulled the automatic stay in Shanni Snyder's bankruptcy proceeding to declare that the sheriff's sale of the Allegheny County properties was not in violation of the automatic stay.

In August 2006, the holder of the mortgage note, Edward J. Quinlan, filed a motion to reopen Snyder's November 17, 2003 bankruptcy petition in order to retroactively annul the automatic stay. In the motion, Quinlan noted that in July 2006, Snyder argued for the first time that the default judgment in Westmoreland County was

entered during the pendency of his November 2003 bankruptcy petition. After a hearing on September 29, 2006, the Bankruptcy Court granted the motion in part and denied it in part. The Bankruptcy Court's order reopened the bankruptcy case to retroactively annul the automatic stay, declare that the default judgment in Allegheny County was not in violation of the automatic stay, and validate the sales of the specifically listed properties in Allegheny County, noting that "the sales to third parties cannot be unwound." In Re: Mark Snyder, No. 03-34366 (Bankr. W.D. Pa. Sept. 29, 2006). However, the Bankruptcy Court denied the requested relief as to the Westmoreland County judgment.

On Snyder's appeal, the District Court affirmed the Bankruptcy Court's decision, determining that the Bankruptcy Court did not abuse its discretion in retroactively annulling the automatic stay as to the Allegheny County properties. In affirming the Bankruptcy Court's decision, the District Court adopted the reasoning in the opinion and order of the District Court in Shanni Snyder's bankruptcy appeal.[1] This appeal followed. We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. We undertake plenary review of the District Court's decision acting as an appellate court of a bankruptcy matter. In re Myers, 491 F.3d 120, 124 (3d Cir. 2007). In reviewing the Bankruptcy Court's decision, we exercise the same standard of review as the District Court. See id. at 125. That is, we review the Bankruptcy Court's legal determinations de

---

[1] Shanni Snyder's appeal from the District Court's decision is considered separately at C.A. No. 06-4066.

3

novo, its factual findings for clear error, and its discretionary determinations for abuse of discretion. See Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc., v. State of N.J. Dept. of Labor (In re United Healthcare Sys., Inc.), 396 F.3d 247, 249 (3d Cir. 2005). As pertinent to this appeal, we review for abuse of discretion the decision to annul the automatic stay. See In re Myers, 491 F.3d at 128.[2]

The Bankruptcy Code allows for relief from an automatic stay in a number of ways, including "terminating, annulling, modifying or conditioning" the stay. See 11 U.S.C. § 362(d). By virtue of the term "annulling" being present in the statute, courts are empowered to grant retroactive relief, such as ratifying violations of the automatic stay that otherwise would be void. See In re Myers, 491 F.3d at 127-28; In re Siciliano, 13 F.3d 748, 750-51 (3d Cir. 1994). We have observed a number of pertinent factors in determining whether the Bankruptcy Court abused its discretion in annulling a stay, including (1) whether the creditor was aware of the bankruptcy filing or encouraged

---

[2] Snyder contends that the Bankruptcy Court lacked jurisdiction to "reopen" his dismissed bankruptcy case because the matter was never "closed" under 11 U.S.C. § 350(a); rather, his case was dismissed for failure to file the necessary schedules. See In re Income Property Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982). Snyder further argues that, even if the Bankruptcy Court were empowered to act under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b), Quinlan's motion for relief was filed beyond one year after the dismissal of his bankruptcy case. We note, however, that no specific time limit is prescribed for motions under Rule 60(b)(6), as such motions must be made within a "reasonable time." By granting the motion to "reopen" the bankruptcy case, in essence, the Bankruptcy Court nullified the dismissal. The Bankruptcy Court appears to have found the motion to have been timely filed in light of the facts of the case, and we discern no abuse of discretion in that determination.

4

violation of the stay; (2) whether the debtor is guilty of inequitable, unreasonable, or dishonest conduct; and (3) whether the creditor would suffer prejudice. See In re Myers, 491 F.3d at 129. We also have noted that the Bankruptcy Court has a wide latitude to balance the equities when granting relief from the automatic stay. See id., 491 F.3d at 130.

Applying these factors to Snyder's case, we cannot say that the Bankruptcy Court abused its discretion in annulling the automatic stay for the purpose of ratifying the Allegheny County sheriff's sale. From the hearing transcript and the language of the Bankruptcy Court's order, the Bankruptcy Court focused on the equities involved regarding the third-party purchasers of the Allegheny County properties. Moreover, the Bankruptcy Court noted at the hearing that the serial bankruptcy filings by Snyder family members in their efforts to stop the sales of the properties was evidence of bad faith conduct.[3]

We have considered the remaining arguments presented in Snyder's brief and find them to be unpersuasive. We will affirm the District Court's judgment affirming the Bankruptcy Court's order. Snyder's motion to compel appellees' counsel to disclose client contact information is denied.[4]

---

[3] Snyder readily admits in his brief that he filed for bankruptcy in order to activate the automatic stay provisions of the Bankruptcy Code, to defer responding to the state court foreclosure action in 2003.

[4] Quinlan was a party to this appeal individually and as agent for the other appellees. The Court has received notice from the appellees that they would not be

5

participating in the appeal in light of Quinlan's death in September 2007.

6