**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4020
_____

RODNEY A. SWOPE,
                                        Appellant

v.

THE NORTHUMBERLAND NATIONAL BANK;
J. TODD TROXELL, individually and in his official capacity as Senior Vice President of
Lending and Loan Administration for The Northumberland National Bank
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-13-cv-02257)
District Judge: Honorable Matthew W. Brann
_____

Submitted under Third Circuit LAR 34.1(a)
June 24, 2015

Before:  CHAGARES, KRAUSE, and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 30, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, Circuit Judge

Rodney Swope appeals the dismissal with prejudice of his 42 U.S.C. § 1983 claim, in which he asserted that Northumberland National Bank (the "Bank"), along with J. Todd Troxell, the Bank's Senior Vice President of Lending and Loan Administration, and ten John Does (collectively, the "Bank Defendants"), violated his civil rights by engaging in an unlawful foreclosure procedure under color of state law. We will affirm because Swope did not plead any facts that plausibly allege that the Bank Defendants violated his constitutional rights or were state actors for the purposes of § 1983.[1]

I.      **Background**

Swope's complaint arises from a 2008 foreclosure action brought by the Bank in the Snyder County Court of Common Pleas.[2] After Swope failed to respond to the foreclosure complaint, the Bank sought and received a default judgment in the amount of $107,552.71, "[p]lus costs and interest . . . per day from [the] date of judgment." App. 98a. The next month, in preparation for a sheriff's sale of the property, the Bank filed a Praecipe for Writ of Execution, asking that the judgment be increased to $109,902.61, to

---

[1] The District had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to hear the appeal under 28 § U.S.C. 1291.

[2] The facts set forth here are taken from the allegations in the complaint, with all reasonable inferences drawn in the light most favorable to Swope as the non-moving party. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, like the District Court before us, we may consider indisputably authentic documents upon which the complaint is based. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

account for accrued interest and costs. The Snyder County Prothonotary issued the writ, and the Snyder County Sheriff scheduled the sale.

A week before the scheduled sale of the property, however, Swope filed for bankruptcy, preventing the sale from going forward.[3] That bankruptcy was dismissed for failure to make plan payments, but Swope soon filed another bankruptcy petition. After this second bankruptcy was similarly dismissed, the Bank restarted its efforts to have the property sold, filing a second Praecipe for Writ of Execution, which sought to increase the judgment amount to $114,086.94. The Prothonotary reissued the writ, but Swope soon filed for bankruptcy a third time.

In September 2012, Swope's attorney contacted Troxell, to "explor[e] a private sale" of his home for $130,000.00, which would let Swope pay-off the judgment. App. 30a. In response, Troxell allegedly demanded $175,000.00. Swope then personally called Troxell, who told Swope that the Bank "would not accept the private sale." *Id*. Two months later, Swope withdrew his third bankruptcy petition. The Bank thus filed a third Praecipe for Writ of Execution, which was reissued by the Prothonotary in the amount of $115,869.57. The Sheriff scheduled a sale of the property and provided proper notice to Swope. The Bank purchased the property at the sale for $27,000.00.

---

[3] "[A] bankruptcy petition operates as a stay of all enforcement proceedings against the debtor," including a sheriff's sale. *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994).

Swope then filed the instant complaint in the United States District Court for the Middle District of Pennsylvania. Following the Bank Defendants' Motion to Dismiss, Swope filed an Amended Complaint, which the Bank Defendants again moved to dismiss. On April 1, 2014, Chief Magistrate Judge Martin C. Carlson issued a report and recommendation advising that Swope's § 1983 claim be dismissed because the Bank was not a state actor. The Honorable Matthew W. Brann adopted the report in its entirety, dismissed the § 1983 claim, and declined to exercise supplemental jurisdiction over Swope's state-law claims. This appeal followed.

## II.     Discussion

Federal Rule of Civil Procedure 12(b)(6) instructs that a complaint must be dismissed if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, the complaint fails to show "that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (internal quotation marks omitted). While a complaint need not contain "detailed factual allegations," a proper articulation of the plaintiff's grounds for relief "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, we exercise plenary review over a district court's dismissal for failure to state a claim and apply the same standard. *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012).

Under 42 U.S.C. § 1983, a plaintiff must establish: (1) the deprivation of a constitutional right; and (2) the deprivation was caused by a person acting under the color

4

of state law.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008).

Swope's Amended Complaint, however, plausibly alleges neither.  Instead, in conclusory

fashion, it alleges that the Bank and its associates "clothed themselves with color of State

authority through the use of the Sheriff of Snyder County and Court of Common Pleas,"

and violated his due process rights by "refusing judgment pay-off, unilaterally increasing

the pay-off, and conducting the Sheriff's Sale."  App. 28a-29a.   These conclusory

allegations, unmoored from any specific factual assertions supporting state action, cannot

state a § 1983 claim.

First, Swope is correct that under Pennsylvania law, he had the statutory right to

cure his mortgage default up to one hour prior to the sheriff's sale of his property.  *See* 41

P.S. § 404; *see also* Irv Ackelsberg, *Residential Mortgage Foreclosure: Pennsylvania

Law and Practice* § 4.1-4.2 (2d ed. 2014) (detailing Pennsylvania's statutory right to cure

defaults under Act 6 and Act 91).  But the Amended Complaint does not provide even a

faint suggestion that the Bank deprived him of this right.  Instead, it alleges that months

prior to the sheriff's sale, Swope and his attorney "explor[ed]" with Troxell a sale of the

property from Swope to a third party for approximately $130,000.00.  But to the extent

this sale was sufficient to satisfy Swope's debt, as he argues here, Swope had no need to

consult with the Bank whatsoever.  That is, if he received approval from the Bankruptcy

Court, he could have sold the property to a third party and satisfied his indebtedness with

those sale proceeds.  Nothing in the Amended Complaint implies he was deprived of the

ability to do so or that the Bank Defendants acted under color of law in that process.

5

Second, the Amended Complaint, along with the indisputably authentic documents in the record before us, make clear the Bank did not unilaterally increase the value of Swope's default judgment. Rather, pursuant to the default judgment, the Bank requested that the Snyder County Prothonotary account for the mortgage's accumulated interest, the calculation of which Swope does not challenge. Third, as the Amended Complaint makes clear, the Bank did not conduct the sale. That sale was scheduled, noticed, and conducted by the Snyder County Sheriff.

Thus, the Amended Complaint fails to plausibly allege the Bank violated any of Swope's rights, constitutional or otherwise. It similarly fails to allege that the Bank was acting under color of state law.[4] Accordingly, we decline Swope's invitation to turn his garden variety sheriff's sale into a § 1983 claim, and we instead join the number of courts that have held that a bank's use of a state foreclosure process will not ordinarily constitute a § 1983 violation. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1095 (9th Cir. 2003); *Earnest v. Lowentritt*, 690 F.2d 1198, 1201-02 (5th Cir. 1982); *Shipley v. First Fed. Sav. & Loan Ass'n of Del.*, 703 F. Supp. 1122, 1131 (D. Del. 1988). To reach

---

[4] Swope heavily relies upon *Grillo v. BA Mortgage, LLC.*, No. 04-02897, 2004 WL 2250974 (E.D. Pa. Oct. 4, 2004), where the plaintiffs stated a § 1983 claim against attorneys in a foreclosure proceeding who refused to accept tendered payment from the plaintiffs for the full amount of their property, increased the amount of the judgment without court approval, and returned the plaintiffs' payment on the morning of the sheriff's sale, thereby denying them the opportunity to attend and bid on their home. *Id.* at *1. Even were we to adopt *Grillo*'s analysis, its facts are far from analogous to Swope's case, as made clear above.

6

"[a]ny other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions." *Earnest*, 690 F.2d at 1202.

Finally, the District Court did not err in dismissing Swope's federal claim with prejudice, rather than providing him an additional opportunity to remedy the deficiencies with his complaint. A District Court may dismiss a claim without leave to amend when such an amendment would be futile, *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004), meaning that the complaint would fail to state a claim upon which relief could be granted even with further alteration, *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Because Swope's own allegations, along with the indisputably authentic documents in the record before us, make clear that the Bank Defendants neither deprived him of a constitutional right nor acted under color of law, any amendment would be futile, and the claim therefore was correctly dismissed with prejudice.

\* \* \*

For the reasons stated above, the District Court correctly dismissed Swope's claim, and we will therefore affirm.

7